**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 4 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

DENISE SOUSER,

       Defendant - Appellant.

No. 04-1101

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 03-CR-411-MK)**

---

John T. Carlson, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, and Warren R. Williamson, Assistant Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Denver, Colorado, appearing for Defendant-Appellant.

Jerry N. Jones, Assistant United States Attorney (John W. Suthers, United States Attorney, with him on the brief), Office of the United States Attorney, Denver, Colorado, appearing for Plaintiff-Appellee.

---

Before **TACHA**, Chief Circuit Judge, **McKAY**, and **EBEL**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

---

Defendant-Appellant Denise Souser pleaded guilty to making false

statements to the United States government in violation of 18 U.S.C. § 1001. The District Court sentenced Ms. Souser to five years' probation. It also required Ms. Souser to inform her employer of her criminal history. Ms. Souser contested this employer notification restriction, but the District Court concluded that this condition of probation could be applied consistently with the U.S. Sentencing Guidelines (2003) ("U.S.S.G." or "Guidelines") and was required by local policy. Ms. Souser timely appeals this determination, arguing that the District Court erred by applying the wrong Guidelines provision when it imposed the employer notification requirement and by adhering to a local policy that is contrary to statutory and Guidelines provisions.[1] We take jurisdiction under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, VACATE the sentence, and REMAND for resentencing.

## I. BACKGROUND

Ms. Souser participated in a federally funded rental assistance program administered by the Colorado Springs Housing Authority. To participate in this program, Ms. Souser was required to disclose her income. Despite working as a nurse's assistant from 1994 to 2003, she did not disclose any income. As a result,

---

[1]Ms. Souser also argues that, in light of *Blakely v. Washington*, 542 U.S. —, 124 S. Ct. 2531, 2537 (2004), she was sentenced in violation of the Sixth Amendment. Because we vacate the sentence and remand for resentencing on other grounds, we do not reach this issue.

Ms. Souser received rent subsidies to which she was not entitled.

On August 17, 2003, a grand jury indicted Ms. Souser on five counts of making a false statement to the government. *See* 18 U.S.C. § 1001. Ms. Souser pleaded guilty to one count of making a false statement, and the other four counts were dismissed. Because Ms. Souser previously had pleaded guilty to writing bad checks, the presentence report placed her in Criminal History Category II and recommended a four-month prison sentence.

Concluding that this over-represented Ms. Souser's criminal history, the District Court granted a downward departure, ordered her to pay restitution for the subsidies she received, and sentenced Ms. Souser to five years' probation. Ms. Souser's probation consists of numerous conditions. Her appeal arises from one of these conditions of probation. The condition at issue states:

> As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The District's Probation Office interprets this standard condition of probation as requiring all probationers to inform their employer of their criminal record unless they can show hardship. Ms. Souser, who continues to work as a nurse's assistant, moved to exempt herself from this policy because she feared she would lose her job if she disclosed her criminal history. The District Court held a

-3-

post-sentencing hearing to consider Ms. Souser's motion.

At the post-sentencing hearing, the District Court concluded that this employer-notification requirement was consistent with U.S.S.G. § 5B1.3, which governs "Conditions of Probation." The District Court also recognized that "there is no doubt that there is an employer notification policy in this district." Apparently, the policy was approved of by the judges of the District of Colorado in 1995, but has not been formally adopted into the District's local rules. Nonetheless, the probation office has enforced the policy. At Ms. Souser's hearing, the District Court quoted this policy as found in the probation office's internal manual, which states:

> Unless a specific exception is recommended by the probation officer and approved by the sentencing judge, employers of all persons on probation or supervised release are to be notified of the offender's conviction, supervision status, and any prior criminal history that is relevant to the employment situation.

The District Court determined that this informal local policy required Ms. Souser to inform her employer of her offense as well.

As a result, the District Court ordered Ms. Souser to inform her employer of her criminal history, and if she failed to do so, the probation officer was authorized to contact her employer. The District Court stayed this order pending appeal, which Ms. Souser has timely taken.

On appeal, Ms. Souser argues that the District Court erred by applying the

wrong Guidelines provision in determining whether to impose the employer notification requirement. She also argues that the District Court erred by applying a local policy that is contrary to statutory and Guidelines provisions. We consider each argument in turn.

## II. DISCUSSION

A.    Application of the Sentencing Guidelines

Ms. Souser first argues that the District Court erred in applying the Guidelines. The District Court held that U.S.S.G. § 5B.1.3 governs when employer notification may be imposed as a condition of probation. On appeal, Ms. Souser argues that the District Court erred in so interpreting the Guidelines. She argues that the District Court should have applied § 5F.1.5. We agree.

1.    *Standard of Review*

We must first consider whether this argument was raised below, and thus reviewed for harmless error, or is being raised for the first time on appeal, and thus subject to plain-error review. The Government argues that this argument is made for the first time on appeal; Ms. Souser claims it was sufficiently made below so that it was preserved for appeal.

In the District Court, Ms. Souser did not expressly argue that § 5F1.5 governs whether she must notify her employer as a condition of her probation. Ms. Souser, however, cited § 5F1.5 in support of her argument. As a result, the

District Court interpreted Ms. Souser's argument as relying on § 5F1.5. Indeed, at Ms. Souser's post-sentencing hearing, the District Court considered whether to apply § 5F1.5 and held this provision inapplicable. Since the argument was sufficiently made such that the District Court considered—and ruled on—the issue, it has been preserved for appeal.

Next, Ms. Souser was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005), which fundamentally changed they way defendants are sentenced. Post-*Booker*, district courts, after considering the Guidelines' sentence, may exercise their discretion as informed by the factors listed in 18 U.S.C. § 3553(a) to impose sentences that deviate from the Guidelines. *Booker*, 125 S. Ct. at 764–65. On appeal, such discretionary sentences will be reviewed for reasonableness. *Id*. at 765. Ms. Souser's sentence, however, was issued under the pre-*Booker* mandatory sentencing scheme. Because the District Court was not purporting to exercise any discretion in determining the conditions of Ms. Souser's probation, but was simply applying what it thought were mandatory Guidelines, reviewing for reasonableness—a standard of review compatible only with the review of a discretionary decision below—is inappropriate. Therefore, we apply the pre-*Booker* standard of review here.

Because Ms. Souser argues that the District Court erred by applying the

wrong Guidelines provision, we review the District Court's interpretation of the Guidelines de novo. *United States v. Reaves*, 253 F.3d 1201, 1203 (10th Cir. 2001). If we conclude that the District Court erred in interpreting the Guidelines, we must remand unless "the error was harmless, i.e., . . . the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992).

2.    *Merits*

The District Court required Ms. Souser's employer to be notified of her offense as a condition of her probation. In support of this ruling the court applied § 5B1.3, which is entitled "Conditions of Probation," reasoning that employer notification was but another condition of Ms. Souser's probation. Section 5B1.3, however, expressly states that "occupational restrictions" must comply with § 5F1.5. *See* U.S.S.G. § 5B1.3(e)(4) ("Occupational restrictions may be imposed as a condition of probation. <u>See</u> § 5F1.5 (Occupational Restrictions)."). As this reference makes clear, U.S.S.G. § 5F1.5 prescribes the conditions under which an occupational restriction may be imposed. Thus, when a sentencing judge looks to § 5B1.3 to determine whether to impose a particular condition of probation, if that condition is properly considered an "occupational restriction," this restriction can only be applied in accordance with the terms of § 5F1.5.

Pursuant to the plain language of § 5F1.5, an "occupational restriction" is a

condition of probation that either "prohibit[s] the defendant from engaging in a specified occupation, business, or profession, or limit[s] the terms on which the defendant may do so." U.S.S.G. § 5F1.5(a). Because an employer notification requirement limits the terms on which a defendant may engage in the specified occupation, it must be treated as an occupational restriction. *See United States v. Peterson*, 248 F.3d 79, 85–86 (2d Cir. 2001) (treating condition that required defendant to report conviction to his employer as an occupational restriction); *cf. United States v. Britt*, 332 F.3d 1229, 1232 (9th Cir. 2003) (treating a condition that required defendant to report his conviction to his clients as an occupational restriction); *United States v. Doe*, 79 F.3d 1309, 1322 (2d Cir. 1996) (same). Because the plain text of § 5F1.5 mandates that Ms. Souser's notification of her employer should be treated as an "occupational restriction," the District Court erred in imposing this condition of probation without considering whether the imposition of this restriction comports with § 5F1.5.

This error, however, will not be reversed on appeal if it is harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *United States v. Griffin*, 389 F.3d 1100, 1104 (10th Cir. 2004). Because Ms. Souser does not allege a constitutional error, "we apply the harmless-error analysis of *Kotteakos v. United States*, 328 U.S. 750 (1946), pursuant to which a non-constitutional error is harmless unless it

had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect." *Griffin*, 389 F.3d at 1104.

To impose an occupational restriction under § 5F1.5, the District Court must determine that:

> (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
>
> (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S.S.G. § 5F1.5(a)(1)–(2). The Guidelines further state that when a limitation is placed on a defendant's engagement in an occupation, "the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public." U.S.S.G. § 5F1.5(b). Thus, an occupational restriction, such as an employer notification requirement, may only be imposed if the district court finds that all three of these criteria are met.

At Ms. Souser's post-sentencing hearing, the District Court only made the findings necessary to support imposing a condition of probation under § 5B1.3. The District Court found that "[t]here is a reasonable relationship between this offense and notification of the employer." The court also found "that there is a reasonable relationship between the employer notification requirement and protecting both the employer and the patient from any future crime involving

-9-

dishonesty in record-keeping or false statements for the benefit of financial gain."

Although these factual findings were made in relation to § 5B1.3—not § 5F1.5—the Government argues that these two findings are sufficient to support the employer notification restriction under § 5F1.5(a), thereby rendering the District Court's error harmless. Ms. Souser concedes that the District Court's finding on the "reasonable relationship" between the offense and her occupation is sufficient to satisfy § 5F1.5(a)(1). But she contests the Government's claim that the court's finding that a "reasonable relationship" between the offense and protecting the employer and patient is sufficient to satisfy § 5F1.5(a)(2), which requires a finding that the restriction is "reasonably necessary to protect the public." The existence of a *relationship* between the offense and protecting the public is insufficient to establish that the restriction was *necessary* to protect the public. The District Court therefore failed to make the finding necessary to satisfy § 5F1.5(a)(2).

The District Court also failed to make any findings required by § 5F1.5(b). Section 5F1.5(b) states that "the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public." This provision's use of the word "shall" makes clear the mandatory nature of the court's finding that the occupational restriction is the minimum restriction necessary. Although the District Court concluded that this condition of probation would serve to

-10-

protect Ms. Souser's employer and patients, nothing in the record establishes that the court considered whether the public could be equally protected by lesser restrictions. Because the District Court did not find that this occupational restriction was the minimum necessary to protect the public, the record is insufficient to support imposing an employer notification requirement under § 5F1.5. As such, we cannot conclude that the District Court's error was harmless.

B.     Local Policy on Employer Notification

The fact that all defendants in the District, as a result of its informal policy, are subject to an employer notification as a default rule does not excuse the District Court's error. To the contrary, the District's informal policy is in direct conflict with both statutory and Guidelines rules governing probation and the imposition of occupational restrictions.

The District's informal policy makes notifying the employer the default rule, while allowing the defendant to request an exception from the rule. This local policy, as stated by the District Court at the post-sentencing hearing, requires employer notification "[u]nless a specific exception is recommended by the probation officer and approved by the sentencing judge." Thus, under the local policy in place in the District of Colorado, probationers must inform their employers of their criminal history unless they can convince their probation

-11-

officer and the sentencing judge that employer notification is not necessary.

The District's informal policy imposing a notification requirement upon all defendants runs contrary to statute. The statutory scheme governing conditions of probation makes the imposition of occupational restrictions discretionary. *See* 18 U.S.C. § 3563(b)(5). Section 3563(b) further provides that occupational restrictions may be imposed "to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b). The District's default rule requiring every defendant to notify his employer, without making individualized findings that this restriction is "reasonably necessary," is in direct conflict with § 3563(b). *See also* S. Rep. 98-225 at 95, 1984 U.S.C.C.A.N. 3182 at 3278 ("[i]t is certainly not intended that all the conditions suggested in subsection (b) [of 18 U.S.C. § 3563] be used for every defendant, but rather that conditions be tailored to each defendant to carry out the purposes of probation in his case.").

The District's informal notification policy is also contrary to the plain text of the Guidelines. The Guidelines require a sentencing judge to determine whether to impose an occupational restriction on a "case-by-case basis." U.S.S.G. § 5B1.3(e). The Guidelines further provide that an occupational restriction may be imposed only when: (1) there exists a "reasonably direct relationship" between the occupation and the crime, U.S.S.G. § 5F1.5(a)(1); (2) the imposition of such a

restriction is "reasonably necessary to protect the public," U.S.S.G. § 5F1.5(a)(2); and (3) the occupational restriction is imposed "for the minimum time and to the minimum extent necessary to protect the public," U.S.S.G. § 5F1.5(b). By placing the burden on the defendant to show why employer notification is not necessary, instead of requiring a case-by-case determination, the local policy is inconsistent with the Guidelines.

This is not to say that a district court may not adopt local rules of criminal procedure. *See* Fed. R. Crim. P. 57(a). These local rules, however, "must be consistent with—but not duplicative of—federal statutes and rules." Fed. R. Crim. P. 57(a)(1). Moreover, we cannot allow the District's failure to codify its informal policy in its local rules serve as a means of escaping this consistency requirement.

### III. CONCLUSION

We hold that the District Court erred imposing an employer notification requirement under U.S.S.G. § 5B1.3 instead of § 5F1.5. We further hold that because the District Court did not make all the findings mandated by § 5F1.5, we cannot conclude that this error was harmless. Finally, because the informal policy of imposing employer notification by default is contrary to the relevant federal statute and rules, this policy cannot support the District Court's imposition of an employer notification requirement in this case. Therefore, we        VACATE Ms.

Souser's sentence and REMAND for resentencing.