**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 8, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TYRONE WILLETO BECENTI,

    Defendant-Appellant.

No. 04-2187
(D.C. No. CR-04-669-MV)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY** and **TYMKOVICH,** Circuit Judges.

Tyrone Willeto Becenti pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). He appeals his sentence, claiming that it was improperly based on disputed factual allegations and that it was unreasonable. We affirm.

The presentence report (PSR) generated in Mr. Becenti's case included an assertion that the gun underlying his illegal possession of a firearm had earlier been stolen from its owner. This assertion was based on discovery performed by

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the government, and not on any admissions made by Mr. Becenti. In assessing Mr. Becenti's offense level, the PSR recommended an enhancement of two levels pursuant to U.S.S.G. § 2K2.1(b)(4) for possession of a stolen firearm. It concluded that Mr. Becenti's total offense level was 19, with a criminal history category of III, for an applicable guideline range of 37 to 46 months.

Citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Mr. Becenti objected to the PSR's sentence recommendation on the basis that it violated his Sixth Amendment right to a jury trial because the fact of the stolen gun was not charged in his indictment, found by a jury, or admitted by him. He did not object to the facts presented in the PSR, however. At sentencing, the district court adopted the PSR's factual findings and guidelines applications. It sentenced Mr. Becenti at the bottom of the applicable guideline range, to 37 months imprisonment. The court then pronounced an alternative sentence, stating that if the guidelines were invalidated and it had complete sentencing discretion, it would impose exactly the same sentence.

In *Blakely*, the Supreme Court applied the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to Washington state's determinate sentencing regime. *See* 124 S. Ct. at 2536. Recently, the Court extended *Apprendi* and *Blakely* to the Federal Sentencing Guidelines, holding the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to

support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 125 S. Ct. 738, 756 (2005). To remedy the guidelines' Sixth Amendment problem, the Court severed and excised 18 U.S.C. § 3553(b)(1), which had required sentencing courts to impose a sentence within the applicable guidelines range. *Id.* at 756-57. As a result, the guidelines are now advisory in all cases. *Id.* at 757.

The district court made a factual finding that Mr. Becenti possessed a gun that was stolen. This finding was not admitted by Mr. Becenti nor established by a jury, and thus constituted an error of constitutional magnitude. *See United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005). Because Mr. Becenti preserved this issue for appeal, we would normally review it for harmless error. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005). However, Mr. Becenti concedes, as he must, that the Sixth Amendment error here was harmless because the district court imposed an alternative sentence setting forth its position in the event the guidelines were invalidated and it had complete sentencing discretion. We thus know how the district court would sentence Mr. Becenti in a sentencing regime in which the guidelines are not mandatory, and we are therefore not in the "zone of speculation and conjecture" regarding whether the error affected the court's selection of the sentence imposed. *Id.* at 1143 (error

harmless if it "did not affect the district court's selection of the sentence imposed").

Because the Sixth Amendment error was harmless, Mr. Becenti now contends instead that he in effect disputed the underlying factual issue of whether the gun found in his possession was stolen, by making an objection based on *Blakely*. He then claims the district court violated FED. R. CRIM. P. 32(i)(3) by failing to hold an evidentiary hearing before ruling on a disputed factual issue. We are not persuaded. "A defendant [must] raise alleged factual inaccuracies in a presentence report before the district court in order to preserve the issue on appeal." *United States v. Green*, 175 F.3d 822, 837 (10th Cir. 1999) (internal quotation omitted). Mr. Becenti's objection addressed only the Sixth Amendment issue, a legal argument that was not dependant on whether the gun was stolen. Mr. Becenti was explicitly given opportunities to object to the facts presented in the PSR, both before and during sentencing, but he failed to do so. Nor did he request an evidentiary hearing. Because Mr. Becenti did not preserve the issue, we review only for plain error. *See United States v. Saucedo*, 950 F.2d 1508, 1511 (10th Cir. 1991), *overruled on other grounds by Stinson v. United States*, 508 U.S. 36 (1993). We have repeatedly held, however, that "factual disputes not brought to the attention of the [trial] court do not rise to the level of plain error." *United States v. Svacina*, 137 F.3d 1179, 1187 (10th Cir. 1998); *Saucedo*, 950 F.2d at 1518.

-4-

Mr. Becenti also contends the district court's sentence imposed under the mandatory guidelines regime was unreasonable because the court failed to consider the factors set forth in 18 U.S.C. § 3553(a), *see Booker*, 125 S. Ct. at 765-66, and relied solely on the presentence report to resolve a disputed factual issue. We recently held that sentences imposed pre-*Booker* are not reviewed for reasonableness because we reserve this standard of review for discretionary decisions. *United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005). Furthermore, § 3553(a) was applicable before the *Booker* decision. Mr. Becenti could have presented arguments about the statutory factors at sentencing but failed to do so. As result, his argument fails.

For the aforementioned reasons, we **AFFIRM** Mr. Becenti's sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge