O’BRIEN, Circuit Judge,
dissenting.
I respectfully DISSENT from the majority’s opinion for these reasons: 1) with limited exceptions (exceptions not including Blakely/Booker error) Clark waived her right to appeal, her waiver is enforceable, and she cannot prevail on the issues reserved from her waiver; and 2) even if her appeal waiver is unenforceable, she presents only non-constitutional Booker error and her arguments fail under the plain error test.
I. DISCUSSION
A. Waiver of Appellate Rights
(1) Waiver is enforceable
We need not reach the effect of United States v. Booker, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), if any, on Clark’s sentence because Clark, in her plea agreement, waived her right to appeal on the basis of Booker,[1] In her plea agreement, Clark stated she “knowingly and voluntarily waives any right to any appeal ... on any matter in connection with [her] prosecution and sentence, except the defendant reserves the right to appeal the district court’s findings relating to relevant conduct or the applicability of a weapons enhancement under U.S.S.G. § 2Dl.l(b).” (R. Vol. 1, Doc. 39 at 5). Significantly, while Clark preserved her right to appeal specific findings the district court made in applying the guidelines, she did not preserve her right to challenge the propriety of the district court making such findings in the first instance as part of a mandatory guideline regime, which is the practice prohibited by Booker.
In determining whether to enforce a waiver of the right to appeal, we first *1245 determine if the appeal falls within the scope of the appellate waiver. Hahn, 359 F.3d at 1325. Second, we ascertain whether the defendant’s waiver of appellate rights was knowing and voluntary. Id. Third, we evaluate whether enforcement of the appellate waiver would result in a miscarriage of justice because (1) the district court relied on an impermissible factor such as race, (2) ineffective assistance of counsel in negotiating the waiver renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful. Id. at 1325, 1327. We strictly construe the scope of appellate waivers, and “any ambiguities in these agreements are read against the Government and in favor of a defendant’s appellate rights.” Hahn, 359 F.3d at 1325 (quotation marks and citations omitted).
As to scope of the waiver, a defendant may waive her right to appeal based on Booker thru a plea agreement with broad language. United States v. Green, 405 F.3d 1180, 1189 (10th Cir.2005). Clark’s waiver is not unlike the waiver we reviewed in Green. See id. at 1183 (“ ‘Defendant agrees to waive all appellate rights except those relating to issues raised by the Defendant and denied by the District Court-regarding the application of the Sentencing Guidelines.’ ”). As we said in Green:
Whether Defendant’s sentence violated Booker does not relate to “issues regarding the application of the Sentencing Guidelines” within the meaning of Defendant’s appellate rights waiver. The phrase “the application of the Sentencing Guidelines” in the plea agreement, does not refer to the arguments that (1) it was constitutionally impermissible for the district court to engage in factfinding by a preponderance of the evidence to enhance Defendant’s sentence beyond the Guidelines range that would otherwise apply based on the facts that Defendant admitted during the plea hearing; or (2) the district court’s application of the Sentencing Guidelines in a mandatory fashion was error.
405 F.3d at 1189. See also United States v. Porter, 405 F.3d 1136, 1144 (10th Cir. 2005) (“Supreme Court precedent is quite explicit that as part of a plea agreement, criminal defendants may waive both rights in existence and those that result from unanticipated later judicial determinations.”). Thus, Clark’s waiver included Booker issues within its scope.
As to whether Clark’s waiver was knowing and voluntary, “[w]hen determining whether a waiver of appellate rights is knowing and voluntary, we especially look ... to whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily ... [and] for an adequate [Rule] 11 colloquy.” Hahn, 359 F.3d at 1325. In her plea agreement, Clark specifically stated she “knowingly and voluntarily” waived her right to an appeal. (R. Vol. I, Doc. 39 at 5.) In her Petition to Enter Plea of Guilty, which incorporated her plea agreement by reference, Clark reiterated she offered her plea of guilty “freely and voluntarily ... with full understanding of all the matters set forth in ... this petition....” (Id.) Her counsel certified her offer to plead guilty was “voluntarily and understandingly made.” (Id. at 7.) Finally, in its Order Entering Plea, the court found Clark’s plea of guilty was entered “freely, voluntarily ... and with full understanding of its consequences.” (Id. at 8.) The record thus demonstrates Clark’s waiver of her right to appeal was both voluntary and intelligent, and it is not stripped of this character by subsequent developments in the law. See Green,. 405 F.3d at 1190 (“The Supreme Court has made it clear that a defendant’s decision to give up some of his rights in connection *1246 with making a plea — including the right to appeal from the judgment entered following that plea' — remains voluntary and intelligent or knowing despite subsequent developments in the law.”).
As to whether enforcement of Clark’s appellate waiver would result in a miscarriage of justice, the district court did not rely on an impermissible factor like race when sentencing Clark and she did not raise an ineffective assistance of counsel claim. This limits our Hahn “miscarriage of justice” analysis to whether the sentence exceeds the statutory maximum or whether the waiver is otherwise unlawful. Inasmuch as the phrase “ ‘statutory maximum’ in Hahn refers to the upper limit of punishment that Congress ha.s legislatively specified for the violation of a given statute!, ]” id. at 1194, and there is no dispute Clark’s sentence fell beneath the statutory maximum, she cannot overturn her appellate waiver on this basis.
For a waiver to be “otherwise unlawful” according to Hahn, “the error must seriously affect the fairness, integrity or public reputation of judicial proceedings as that test was employed in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 128 L.Ed.2d 508 (1993).” See Hahn 359 F.3d at 1327 (internal quotation marks omitted). In making this determination, we consider:
whether the plea agreement stated the appropriate statutory maximum, informed the defendant that he was giving up multiple constitutional and appellate rights in exchange for concessions from the government, and implied that the sentence would be imposed in accordance with the guidelines then in effect. We also review whether the defendant’s sentence- conforms with the terms of the plea agreement and the defendant’s understanding of the plea.
United States v. Maldonado, 410 F.3d 1231, 1233 (10th Cir.2005). The record evinces no abridgement of this standard. Furthermore, as we discuss below, Clark makes no showing the court would have sentenced her differently under a post-Booker advisory scheme. Consequently, the fairness, integrity or public reputation of judicial proceedings is not implicated by enforcement of her waiver of her right to appeal. See id. at 1234-35. Based on the foregoing, Clark’s waiver of her right to appeal on the basis of Booker must be enforced.
(2) Guidelines challenges fail clear error test
Inasmuch as Clark’s waiver of her right to appeal on the basis of Booker is enforceable, we are left with only her reservations from the waiver — challenges to the district court’s application of the guidelines. “[W]e review legal questions de novo and we review any factual findings for clear error, giving due deference to the district court’s application of the guidelines to the facts.” United States v. Doe, 398 F.3d 1254, 1257 (10th Cir.2005) (internal quotation marks omitted). “A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.” Tosco Corp. v. Koch Indus., Inc., 216 F.3d 886, 892 (10th Cir.2000) (internal quotation marks omitted). Furthermore, notwithstanding Booker’s invalidation of the mandatory nature of the sentencing guidelines, see 125 S.Ct. at 745, “district courts must still consult the Guidelines and take them into account when sentencing. Thus, appellate review continues to encompass review of the district court’s interpretation and application of the Guidelines.” Doe, 398 F.3d at 1257 n. 5 (internal quotation marks and citation omitted) (reviewing a pre-Booker sentence). See also United States v. Sous- *1247 er, 405 F.3d 1162, 1165 (10th Cir.2005) (accord).
Clark’s challenge to the district court’s dangerous weapon enhancement under USSG § 2Dl.l(b)(l) (providing for an increase of two offense levels if a dangerous weapon was possessed in connection with the offense) is based on an alleged weakness in temporal and spatial proximity between her possession of the .22 caliber pistol seized from her purse on October 4, 2001, and relevant drug trafficking conduct. Her challenge to the court’s calculation of a base offense level of 28, see USSG § 2D1.1(c)(6) (providing for a base offense level of 28 when the offense involves at least 20 grams but less than 35 grams of cocaine base), depends on a related weakness in the temporal and spatial proximity requirements for a determination of relevant conduct.[2] In neither instance, however, is the temporal and spatial evidence such that the district court’s findings amount to clear error. I would affirm Clark’s sentence on this basis and for the persuasive reasons given by the district court.
B. Booker Error
Assuming Clark’s waiver of appellate rights is unenforceable, there is no constitutional Booker error, only non-constitutional Booker error, and it fails the plain error test.
(1) Constitutional Booker Error
To resolve the question of the presence or absence of constitutional Booker error, we need look no further than the language of Booker and the facts to which Clark admitted in entering her plea of guilty. On December 9, 2003, Clark plead guilty to possession with intent to distribute five grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C; § 841(a)(1). The base offense level for this offense is 26. USSG § 2Dl.l(c)(7). Clark’s criminal history category, to which she does not object, is V. This combination results in a guideline sentencing range of 110-137 months imprisonment. USSG Ch.5, Pt.A (sentencing table). She was sentenced to 120 months imprisonment.
Booker provides that “[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.” 125 S.Ct. at 756 (emphasis added). The maximum sentence authorized by the facts to which Clark admitted in entering her plea of guilty is 137 months imprisonment. Her sentence, at 120 months imprisonment, does not exceed the maximum authorized sentence. For this reason alone, there is no constitutional Booker error, plain or otherwise. See United States v. Yazzie, 407 F.3d 1139, 1144 (10th Cir.2005) (“Booker made clear that it is the actual sentence, not the sentencing range, that must not be increased based upon judge-found facts in order to violate the Sixth Amendment[.]”).
I am unable to find any language in Booker to justify the majority’s decision to include a three-level adjustment for acceptance of responsibility in Clark’s non-enhanced sentence (a phrase not found in Booker). Booker forbids only a sentence that exceeds the maxirmim authorized by *1248 facts either admitted by the defendant or established by a jury verdict. Inasmuch as Clark entered a plea of guilty, the only conceivable basis for including the adjustment for acceptance of responsibility in the maximum authorized sentence is that the facts necessary to support the adjustment were admitted by Clark in connection with her plea or at a later time — and this is decidedly not so.
An admission is a statement offered against a party. See Weeks v. Indep. Sch. Dist. 1-89, 230 F.3d 1201, 1209 (10th Cir.2000); Fed.R.Evid. 801(d)(2). In a criminal proceeding, an admission operates against a defendant’s penal interest. See McCormick on Evidence, § 254 (5th ed.1999). By comparison, facts necessary to support an adjustment for acceptance of responsibility are of quite the opposite character. Whether introduced by the defendant or the government, such facts operate in favor of a defendant’s penal interest. Therefore, such facts are not admissions at all and do not enter into the calculus of the maximum authorized sentence or, to use the majority’s phraseology, the non-enhanced sentence. As a result, the majority’s observation that an adjustment for acceptance of responsibility is mandatory under the guidelines once the facts to support it are established, while true, is immaterial to an inquiry as to the presence or absence of constitutional Booker error.
The majority’s new rule — that the maximum authorized or non-enhanced sentence includes an uncontested downward adjustment for acceptance of responsibility — does not derive from Booker. As the opinion quietly admits, it rests on equitable considerations. In common parlance, fairness, like beauty, may be a matter of perspective. But for our purposes, and regardless of perception, a result cannot be fair unless the method of reaching it is legally ordained.
(2) Non-constitutional Booker error
To be' sure, there is non-constitutional Booker error in Clark’s sentencing. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731-32 (10th Cir.2005) (en banc) (non-constitutional Booker error occurs where sentence is under mandatory guidelines even though based on facts admitted by defendant or proven to jury beyond a reasonable doubt). Clark did not object. W.e thus review for plain error. “Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights[J” Id. at 732 (internal quotation marks omitted). “[A] court may exercise its discretion to notice a [plain] error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. at 736. See also Fed.R.CRim.P. 52(b) (appellate court enjoys discretion to notice plain error). The first two prongs of the plain error test are satisfied. See Gonzalez-Huerta, 403 F.3d at 732. We may avoid discussion of whether the third prong is satisfied and resolve this appeal on the basis of the fourth prong. See id. at 736 (permitting resolution of plain error claim on third or fourth prong).
“[W]e will not notice a non-constitutional [Booker] error, such as the one in the case before us, unless it is both particularly egregious and our failure to notice the error would result in a miscarriage of justice.” Id. (internal quotation marks omitted). This standard is demanding, and the defendant bears the burden of meeting it. Id. at 737. Several of the factors we consider are:
a showing that the district court would likely impose a significantly lighter sentence on remand, a substantial lack of evidence to support the sentence the Guidelines required the district court to impose, and/or a showing that objective *1249 consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines.
United States v. Thomas, 410 F.3d 1235, 1249 (10th Cir.2005).
In considering the foregoing factors, it is useful to weigh the district court’s comments at sentencing:
In determining the sentence to be imposed the Court has taken into consideration the offense, your personal history and characteristics and your specific involvement in this offense. After considering those matters, the Court has decided to sentence the defendant to 120 months custody.... This sentence represents the low end of the guideline range which the Court believes will meet the objectives of punishment.
(R. Vol. 2 at 10-11.)
First, contrary to what the majority opinion asserts, neither these comments nor the balance of the record show the district court would likely impose a significantly lighter sentence under an advisory guideline regime The mere fact Clark received a sentence at the bottom of the applicable guideline range does not, on its own, tend to this conclusion. It is true the court recommended Clark be transferred to the Fort Worth Medical Center. However, this evidences only that the court recognized Clark had a drug problem and needed medical treatment. It does not demonstrate the court would have sentenced differently had it not believed it was bound by the guidelines. Second, there is ample evidence to support the sentence the guidelines required the district court to impose. Third, nothing in the record, after an objective consideration of the factors stated in 18 U.S.C. § 3553(a),[3] warrants a departure from the sentence indicated by the guidelines.
Clark has not demonstrated the presumed error in her sentence is particularly egregious and failure to notice it would constitute a miscarriage of justice. Therefore, Clark’s sentence does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. Since Clark fails to satisfy the fourth-prong of the plain error test, there is no plain error.
I would affirm Clark’s sentence.

. If a waiver of appellate rights is enforceable, we are precluded from reaching the merits of an appeal. United States v. Hahn, 359 F.3d 1315, 1329 n. 15 (10th Cir.2004) (en banc). Normally, we would expect the Government to follow the procedure outlined in Hahn for enforcing a waiver of the right to appeal:
henceforth, when a defendant who has waived his appellate rights in a plea agreement files a notice of appeal and the government wishes to enforce this waiver, the government will file a "Motion for Enforcement of the Plea Agreement.” This motion will address the three-prong enforcement analysis provided above, but not the underlying merits of the defendant’s appeal. The defendant will then have the opportunity to respond. The Clerk of the Court will forward the government’s motion, and any responding briefs, to the panel. The parties will not be directed to brief the underlying merits of the defendant's appeal.
If the panel finds that the plea agreement is enforceable, it will summarily dismiss the appeal. If the panel finds the plea agreement unenforceable, it will issue a ruling consistent with this finding.
Hahn, 359 F.3d at 1328. In this case, I would excuse the Government from complying with this procedure because of unique circumstances. Clark filed her opening brief on July 16, 2004. The Government filed its answer brief on September 16, 2004. Clark filed her reply brief on October 4, 2004. Booker was not decided until January 12, 2005. Supplemental briefing was neither requested nor ordered. Under these circumstances, where the Government had no reason to suppose, during briefing of the merits of the appeal, that Booker would be decided as it was (applying Blakely to invalidate the federal sentencing guidelines insofar as they were mandatory) and that it would provide the analytic framework for our review, see United States v. Clifton, 406 F.3d 1173, 1175 n. 1 (10th Cir.2005) ("We must apply the holdings in Blakely and Booker to all cases in which a defendant properly raised an issue under either case.”), we should rule on the enforceability of the waiver as to the Booker issues even without a Government motion.

. The district court declined to consider her challenge to the determination of relevant conduct quantity on the grounds it was untimely. See Fed.R.Crim.P. 32(f)(1) and (i)(3)(A). However, the court indicated that even if the objection had been timely it would have overruled it. As it does not affect the outcome of our review, we consider the challenge on its merits.

. Factors to be considered in imposing sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ....
(5) any pertinent policy statement—
(A) issued by the Sentencing Commission. ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).