FILED
United States Court of Appeals
Tenth Circuit

April 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAVID JOSEPH REZENDES, a/k/a
Joseph David Rezendes, a/k/a Joe
Rezendes,

     Defendant - Appellant.

No. 14-1194
(D.C. No. 1:12-CR-00365-RBJ-1)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Appellant David Rezendes appeals the district court's imposition of an

occupational restriction as a condition of supervised release. Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

In 2010, police officers discovered Mr. Rezendes sitting behind the wheel of a

parked car in Larimer County, Colorado. Mr. Rezendes admitted he had been drinking

and he was charged with driving while ability impaired. Although Mr. Rezendes entered

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a guilty plea, he believed the County had acted unfairly in prosecuting him because he was not actually operating the vehicle. On July 10, 2010, Mr. Rezendes was sentenced to one year probation.

On September 22, 2010, Mr. Rezendes initiated a computer attack, known as a distributed denial of service attack, against the Larimer County website. During the attack, a number of computers directed packets of data containing vulgar and derogatory messages toward the county's servers. The volume of these data packets was such that it overwhelmed the servers, disrupting county operations. County employees were unable to access email, court records, and other internet-enabled functions. In addition, the public was unable to access the Larimer County website for a period of time due to the attack.

Authorities traced the attack to computers owned by Mr. Rezendes and obtained a search warrant for his residence. During the search, officers seized several computers, flash drives, and recordable discs. The subsequent examination of these computers and memory devices revealed that computers owned by Mr. Rezendes had remotely controlled other vulnerable computers and directed them to perpetrate the attack. Authorities determined that Mr. Rezendes's computers also scanned these vulnerable computers for credit card information and login credentials.

The search of Mr. Rezendes's computer uncovered text files containing credit card data pertaining to 137 accounts. Mr. Rezendes also possessed images and schematics of gas station credit card readers and a device designed to capture credit card information at gas pumps. And authorities discovered images of federal and state identification

documents, a tutorial on how to create false identification documents, and an identification card printer during the search.

Mr. Rezendes ultimately pled guilty to one count of intentionally damaging protected computer equipment in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(B) and one count of possessing unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3), (c)(1)(A)(i). He was sentenced to eighteen months' imprisonment, to be followed by three years' supervised release. The court imposed both standard and special conditions on Mr. Rezendes's supervised release. Relevant to this appeal, standard condition 13 (Condition 13) required Mr. Rezendes to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics" and also authorized the parole officer to make such notifications.

Upon beginning his term of supervised release in February 2014, Mr. Rezendes moved to modify and clarify several of the conditions imposed by the district court, including Condition 13. In particular, Mr. Rezendes objected to his probation officer's interpretation of Condition 13 as requiring Mr. Rezendes to notify prospective employers of the nature of his conviction. Mr. Rezendes asked the court to clarify that it had not intended Condition 13 to require employer notification. As support for his interpretation of Condition 13, Mr. Rezendes noted that the district court had not entered the express findings that would have been required if it had intended to impose an occupational restriction.

In response, the Government argued employer notification was necessary and proposed that Condition 13 be modified accordingly. But the Government agreed with

Mr. Rezendes that a condition of employer notification is an occupational restriction that must be supported by particularized findings as described in section 5F1.5 of the U.S. Sentencing Guidelines (Guidelines). It therefore asked the court to make the required findings and to modify Condition 13 to state expressly that Mr. Rezendes must "notify 3rd parties (including employers) of risks involving computers and credit card information that may be occasioned by the defendant's criminal record."

At the modification hearing, the district court agreed to modify the condition, but declined to adopt the Government's proposed language. The court concluded the term "3rd parties" in the Government's proposal made little sense when the condition was aimed at employers. It also determined the term "risks" as used in the Government's proposal was too vague. Accordingly, the court modified Condition 13 to read:

> [F]or two years after this date, the defendant shall notify employers of his conviction and the nature of his conviction involving computers and credit card information that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Mr. Rezendes now appeals modified Condition 13, arguing the district court's findings at the modification hearing do not satisfy the requirements of U.S.S.G. § 5F1.5.

## II.    DISCUSSION

If a defendant objects to a condition of supervised release at the time it is imposed, we review for abuse of discretion. *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). But if the defendant fails to object, we review only for plain error. *Id.* In this case, Mr. Rezendes raised no objection to the district court's findings during the modification

4

hearing, and we would normally review for plain error. However, the Government argues Mr. Rezendes waived any objection to modified Condition 13 by remaining silent during the modification hearing. Mr. Rezendes admits he did not object to the findings supporting modified Condition 13, but contends he merely forfeited his right to object in the trial court. Because the resolution of this issue impacts the scope of our review, we pause to consider whether Mr. Rezendes waived or forfeited his challenge to the district court's findings.

### A. Whether Mr. Rezendes Waived or Forfeited His Objection to the Adequacy of the Findings in Support of Modified Condition 13

"Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). "In other words, waiver is accomplished by intent, but forfeiture comes about through neglect." *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) (brackets and internal quotation marks omitted). Because forfeiture lacks the element of intentionality, we have held that "a party that has *forfeited* a right by failing to make a proper objection may obtain relief for plain error; but a party that has *waived* a right is not entitled to appellate relief." *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006).

Thus, the issue before us is whether, as the Government argues, Mr. Rezendes intentionally abandoned his objection to the sufficiency of the district court's findings, thereby waiving his claim. We agree with Mr. Rezendes that his failure to object to the

5

district court's findings amounts only to forfeiture, and we may therefore review his claim for plain error.

At the modification hearing, the district court clarified that Condition 13 did require employer notification and attempted to address the § 5F1.5 factors. After the district court announced its findings, it asked the Government "are those findings sufficient for your purpose?" The Government affirmed they were, and the court asked defense counsel if there was anything further he wanted to add. Counsel replied, "No, Your Honor, there is not. Thank you."

The Government argues this exchange between defense counsel and the court constituted a deliberate waiver of any challenge to the district court's factual findings supporting the § 5F1.5 factors. But the issue before the district court was first whether Condition 13 was intended as an employment restriction in the first instance, and second if it was, for the court to make factual findings to support an employer notification requirement under § 5F1.5 of the Guidelines. The court proceeded to clarify that Condition 13 required employer notification and to make a series of factual findings in support of that employment restriction. There is no indication defense counsel was aware of a problem with the sufficiency of those findings and then intentionally waived objection to that deficiency.

We have repeatedly held an argument is not waived merely because counsel focused on a closely related issue. For example, in *United States v. Zubia-Torres*, the court asked defense counsel whether she had anything to argue on the calculation of the defendant's offense level or criminal history score under the Guidelines. 550 F.3d 1202,

6

1204 (10th Cir. 2008). Counsel responded, "Your Honor, the offense was correctly calculated by Probation. Our issue is whether or not it's a *Booker* issue." *Id.* (internal quotation marks omitted). The prosecution argued this exchange was a deliberate waiver of any argument relating to the calculation of the defendant's offense level. *Id.* at 1205. This court disagreed, holding counsel merely failed to recognize the potential problem with the offense calculation. *Id.* Thus, we have rejected the notion that counsel can waive an argument it is unaware exists merely because a closely related issue is raised and argued.[1]

Accordingly, defense counsel's failure to object to the sufficiency of the district court's findings constituted a forfeiture and is reviewable on appeal for plain error. We now consider whether the district court plainly erred by imposing modified Condition 13 without making adequate findings of fact.

---

[1] The cases relied on by the Government do not persuade us otherwise. In both *United States v. Acosta-Colón*, 741 F.3d 179 (1st Cir. 2013), and *United States v. Christi*, 682 F.3d 138 (1st Cir. 2012), the issue the defendant later raised on appeal—closing the proceedings to the public—had been squarely presented to defense counsel in the district court, but defense counsel failed to raise an objection. *See Acosta-Colón,* 741 F.3d at 187 (holding defense counsel waived objection where he remained silent despite the district court's specific inquiry during a side bar conference whether there were any concerns about closing the courtroom to the public); *Christi*, 682 F.3d at 142 (1st Cir. 2012) (same where defense counsel remained silent despite the district court's specific inquiry about closing the courtroom during portions of the jury instructions, and continued her silence when the prosecutor later raised concerns about closing the courtroom with the district court). Here, the issue Mr. Rezendes raises on appeal—the sufficiency of the district court's factual findings—was never raised by defense counsel or in his presence.

### B. *Whether the District Court Plainly Erred in Its § 5F1.5 Findings*

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mendoza-Lopez*, 669 F.3d 1148, 1151 (10th Cir. 2012). As explained below, even assuming the district court erred, any such presumed error was not plain. As such, we affirm the imposition of modified Condition 13.

District courts have broad discretion to impose conditions of supervised release, but this discretion must be exercised in accordance with 18 U.S.C. §§ 3583(d) and 3563(b), as well as applicable provisions of the Guidelines. *United States v. Wittig*, 528 F.3d 1280, 1286–87 (10th Cir. 2008). Section 3583(d) authorizes the court to impose "any condition set forth as a discretionary condition of probation in section 3563(b)."[2] In turn, § 3563(d)(5) allows the court to order that the defendant "refrain . . . from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances." Section 5F1.5 of the Guidelines implements these statutory provisions. *See Wittig*, 528 F.3d at 1287.

---

[2] Section 3583(d) also requires that any condition imposed be "reasonably related to the factors set forth in" 18 U.S.C. § 3553(a), involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth in" that section, and be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(1)–(3).

Section 5F1.5 permits the imposition of occupational restrictions only if the district court determines that:

> (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
> (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S.S.G. § 5F1.5(a). Section 5F1.5 further requires that "the court shall impose the [occupational restriction] for the minimum time and to the minimum extent necessary to protect the public." *Id.* § 5F1.5(b). "Thus, an occupational restriction, such as an employer notification requirement, may only be imposed if the district court finds that all three of these criteria are met." *United States v. Souser*, 405 F.3d 1162, 1166 (10th Cir. 2005).

In response to the Government's request at the modification hearing for specific findings related to the § 5F1.5 factors, the district court stated, with our emphasis,

> What the facts in this case demonstrate to this Court, of particular relevance now, are two things: first, that Mr. Rezendes is a very skilled and resourceful computer literate, technical type person who can do things with and through computers that the average person cannot do. He's perfectly capable of hacking into a computer or computer system and has demonstrated that he can do that.
>
> And secondly, the case demonstrated that he was ready, willing, and able to use that skill to accomplish harm to a third party, in that case Larimer County.
>
> The responsibility of the Court extends to the protection of the community, and that would include employers. The fact that Mr. Rezendes has not used his skills nefariously vis-à-vis an employer *does not give me confidence that he cannot or will not do that if, for example, the employer rubs him the*

9

*wrong way.* I hope that that is not his intent, but it is a concern that the probation office had, it is a concern that the Court had and has, and a concern that the Court feels a responsibility to act upon.

Mr. Rezendes argues that these findings are plainly inadequate under § 5F1.5. We are not convinced. We recently clarified that it is plain error when a district court fails to make any findings under § 5F1.5. *See United States v. Dunn*, 777 F.3d 1171, 1178–79 (10th Cir. 2015) ("Our precedents unambiguously require supporting findings when courts impose special conditions of supervised release." (internal quotation marks omitted)). But this is not a case in which the district court completely failed to make findings. Rather, the issue here is whether the findings the district court did make were adequate. And because Mr. Rezendes challenges the district court's findings supporting modified Condition 13 only for failure to comply with U.S.S.G. § 5F1.5(a)(2), our inquiry is limited to whether those finding are plainly insufficient to constitute a finding that "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5(a)(2); *see also Souser*, 405 F.3d at 1165 ("Because an employer notification requirement limits the terms on which a defendant may engage in the specified occupation, it must be treated as an occupational restriction.").

Mr. Rezendes argues the findings do not indicate the district court had a reason to believe he *would* re-offend, absent the restriction; instead, they merely reflect the court's concern he *might* re-offend. According to Mr. Rezendes, this is insufficient to meet the requirements of § 5F1.5. Even if we assume—without deciding—that the district court's

10

findings are insufficient to support imposition of an employment restriction under § 5F1.5(a)(2), Mr. Rezendes has not established that such error was plain under our precedents.

"A[n] error is plain when it is clear or obvious under current law." *United States v. Woods*, 764 F.3d 1242, 1245 (10th Cir. 2014) (internal quotation marks omitted). Section 5F1.5 requires only that the district court have a "reason to believe" a defendant "will" re-offend and that the occupational restriction is therefore reasonably necessary. Mr. Rezendes focuses on the "will" re-offend language and all but ignores the "reason to believe" qualifier. But he identifies no precedent holding § 5F1.5 requires the level of certainty he seeks to impose. We have likewise never required district courts to use any particular language when imposing employment restrictions under § 5F1.5, so long as it is clear the district court made the requisite findings.

Here, the modification hearing transcript does not support Mr. Rezendes's claim that any presumed deficiency in the findings was plain. The court first invoked its responsibility to protect the public, including employers, and then indicated it did not have confidence Mr. Rezendes would refrain from a cyber attack on his employer if angered. The court went on to state that this risk of another cyber attack "is a concern that the Court had and has, and a concern that the Court feels a responsibility to act upon." Specifically, the district court stated, "The fact that Mr. Rezendes has not used his skills nefariously vis-à-vis an employer does not give me confidence that he cannot or will not do that if, for example, the employer rubs him the wrong way." Although the district court could have stated its finding more clearly, they can be reasonably interpreted to

express a belief that if angered, Mr. Rezendes will reoffend. And Mr. Rezendes has pointed us to nothing in our precedent which should have made it obvious to the district court that its findings were plainly erroneous.

To support his position, Mr. Rezendes relies primarily on *United States v. Wittig*, 528 F.3d 1280 (10th Cir. 2008). In *Wittig*, the district court prohibited the defendant from being employed as an executive or engaging in financial agreements in a professional capacity without first obtaining permission from the court. 528 F.3d at 1286. To support the restriction, the court stated only

> The conditions of supervision are directly connected to the underlying offenses for which defendant Wittig was convicted. Defendant Wittig was convicted of fraud and conspiracy to commit fraud that involved financial transactions. Specifically, he was found guilty in a scheme that involved false and misleading statements made on financial documents. If defendant Wittig were to have executive authority, or conduct financial transactions on behalf of a business entity, he would be responsible for a multitude of financial documents. As a result, the conditions are reasonably related to the nature and circumstances of the offense and the history and characteristics of this defendant.

*Id.* at 1288 (brackets omitted). Because the defendant's offense was committed in his personal—and not his professional—capacity, we held the district court had not adequately explained why it thought the defendant would re-offend absent an *occupational* restriction. *Id.* And the district court in *Wittig* never made any finding about the defendant's propensity to re-offend. It noted that engaging in certain types of employment would make the defendant responsible for a multitude of financial documents, but made no finding at all on how it reasonably believed the defendant would behave if given that responsibility.

12

In this case, the court acknowledged that Mr. Rezendes's offense was not against an employer. But the court went on to explain that, because Mr. Rezendes committed his crime in retaliation for treatment he perceived to be unfair, the court was concerned Mr. Rezendes would commit similar acts against an employer if he perceived that the employer had treated him unfairly. The court observed that its duty to protect the public, including employers, justified the requirement that Mr. Rezendes notify future employers of the nature of his conviction. Unlike the court in *Wittig*, the district court here did make a finding on the risk of re-offending. Rather than expressing its concern as a "reasonable belief that [Mr. Rezendes] will reoffend," the district court found that it was not convinced that Mr. Rezendes "cannot or will not" use his computer skills nefariously against an employer. The differences between the language of § 5F1.1 and the district court's findings is not so clear as to constitute plain error. Thus, this case is sufficiently distinguishable from *Wittig* where the district never made a finding concerning the risk to the defendant's future employers. Accordingly, the district court did not plainly err in imposing the occupational restriction at issue.

### III.    CONCLUSION

For the reasons discussed, we AFFIRM the district court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

13