**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RONALD R. ULLMANN,

     Defendant - Appellant.

No. 14-3148

_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:07-CR-20046-CM-1)**
_____

Tom Bartee, Assistant Federal Public Defender (Melody Brannon Evans, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

James A. Brown, Assistant United States Attorney, Office of the United States Attorney, Topeka, Kansas (Barry R. Grissom, United States Attorney, and Carrie N. Capwell, Assistant United States Attorney, Office of the United States Attorney, Kansas City, Kansas, with him on the brief), for Plaintiff-Appellee.

_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

**LUCERO**, Circuit Judge.
_____

We must decide the lawfulness of a condition of supervised release that imposes

"restrictions and/or prohibitions related to:  computer and Internet use."  We conclude

that this language, standing alone, would impermissibly impose a greater deprivation of liberty than reasonably necessary because it suggests the Probation Office may completely ban a means of communication that has become a necessary component of modern life. No extraordinary circumstances justify such a blanket ban in this case. This conflicts with our holding in United States v. White, 244 F.3d 1199, 1206 (10th Cir. 2001) ("White I"), and since White I was decided in 2001, Internet use has become even more central to participation in the civic and economic life of our society. However, the district court limited the condition at issue in an oral pronouncement, clarifying that it was restricting, rather than prohibiting, defendant Ronald Ullmann's use of the Internet and Internet-capable devices. Because this pronouncement saves the otherwise deficient condition, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

Ullmann pled guilty to making a false statement in violation of 18 U.S.C. § 1001. The charge arose from sexually explicit written conversations between Ullmann and an undercover FBI agent posing online as a thirteen-year-old minor. Ullmann was sentenced to 60 months in prison and three years of supervised release. The district court imposed twelve conditions of supervised release which restricted Internet use.

On April 1, 2014, Ullmann was released from prison and became subject to the special conditions. Shortly thereafter, the U.S. Probation Office filed a motion to modify the conditions of his supervised release, claiming technological advances necessitated the modifications. The modifications replaced the twelve conditions restricting Internet use with a single condition reading:

As directed by the U.S. Probation Officer, the defendant shall cooperate with and abide by the policies of the United States Probation Office's Computer and Internet Monitoring Program which includes restrictions and/or prohibitions related to: computer and Internet usage, possession and use of electronic, cellular, gaming, and Internet appliance devices; possession and use of computer hardware and software, encryption hardware or software, and accessing certain types of web sites to include: social networking, chat rooms, and those depicting sexually explicit conduct or pornographic material. The defendant will also be subject to computer monitoring, and will provide the United States Probation Office with a complete inventory of all electronic and Internet capable devices, user account information as well as password(s).

We are told that the U.S. Probation Office for the District of Kansas intends to impose this condition, a part of its new Computer and Internet Monitoring Program ("CIMP"), "as the standard sex offender supervision condition." Although the language of the modified condition states that it authorizes "restrictions and/or prohibitions" on the use of the Internet and Internet-capable devices, the Probation Office's manual acknowledges that "Tenth Circuit case law does not allow for an absolute restriction from computer access, except possibly in the most extreme case. . . . Offenders are permitted to use a computer and access the Internet, with the clear understanding that their computer activities are being monitored."

Ullmann has no objection to continued restrictions and monitoring. Instead, he narrowly objects to the "prohibitions" on his access to the Internet and use of the panoply of devices listed in the proposed condition. He also objects that some of the devices listed in the modified condition, such as "Internet appliance devices," are neither intended for nor capable of use for interpersonal communication. At the hearing on the proposed modification, the district court orally clarified that the "restrictions and/or prohibitions"

-3-

language only restricted—and did not prohibit—use of various Internet-capable devices. Additionally, the court explained that the restrictions covered only certain Internet-capable devices by stating that Ullmann "has not been prohibited from using his computer, cell phone or any other electronic appliance with internet access. Rather, [Ullmann]'s use of these items may be restricted in order to monitor his post-release conduct." Further, the court clarified that, in ordering the modified condition, "[t]he court does not divest its judicial authority by ordering the defendant to comply with the United States Probation Office's Computer and Internet Monitoring Program . . . . [T]he court is retaining its decision-making authority and is merely asking that the probation office carry out the court's directives." In its subsequent written order, the district court repeated these conclusions verbatim, overruled Ullmann's objections, and imposed the modified condition. Ullmann timely appealed.

**II**

**A**

Ullmann argues that the modified condition imposes a greater deprivation of liberty than is reasonably necessary. We review the imposition of conditions of supervised release for abuse of discretion. United States v. Smith, 606 F.3d 1270, 1282 (10th Cir. 2010). Under 18 U.S.C. § 3583(d), conditions must:

> (1) be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant and (2) involve no greater deprivation of liberty than is reasonably necessary given the needs to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

United States v. Hahn, 551 F.3d 977, 983 (10th Cir. 2008) (quotation omitted).

In 2001, we held that an ambiguously-worded condition would impose a greater deprivation of liberty than is reasonably necessary if it were read to completely prohibit a defendant from accessing the Internet. White I, 244 F.3d at 1206. That same year, we recognized that the Internet is "one of the central means of information-gathering and communication in our culture." United States v. Walser, 275 F.3d 981, 988 (10th Cir. 2001). Because the condition at issue in Walser only limited, but did not completely prohibit, Internet use, we held that the district court did not plainly err in imposing it. Id. We nevertheless suggested it was "questionable whether the condition imposes no greater deprivation of liberty than is reasonably necessary." Id. (quotation omitted).

In the decade since we decided Walser and White I, the Internet has become more crucial to participation in employment, communication, and civic life. Internet use is necessary for many jobs, is essential to access information ranging from the local news to critical government documents, and is the encouraged medium for filing tax returns, registering to vote, and obtaining various permits and licenses.[1] Accordingly, we reaffirm White I and Walser, and hold that conditions imposing complete prohibitions

---

[1] As a result, other circuits strictly limit conditions that prohibit Internet use. The Sixth Circuit remanded a case in which a condition prohibited Internet access, observing that "in 20 years, actually holding a job will in all likelihood require the usage of . . . Internet-based technology." United States v. Dotson, 715 F.3d 576, 586-87 (6th Cir. 2013). The First, Third, and Seventh Circuits have all overturned conditions banning Internet use and in so doing explained the importance of the Internet to filing tax returns, accessing government information, and conducting commerce. See United States v. Albertson, 645 F.3d 191, 200 (3d Cir. 2011); United States v. Perazza-Mercado, 553 F.3d 65, 73 (1st Cir. 2009); United States v. Holm, 326 F.3d 872, 877-78 (7th Cir. 2003).

on Internet use or use of Internet-capable devices will typically constitute greater deprivations of liberty than reasonably necessary, in violation of § 3583(d)(2).

The modified condition authorizes the Probation Office to impose "prohibitions related to: computer and Internet usage," and therefore, standing alone, is unnecessarily ambiguous. One could interpret the condition as either allowing the Probation Office to prohibit <u>certain</u> Internet or computer uses, or allowing the probation officer to prohibit <u>any</u> Internet or computer use. But even the Probation Office itself does not seem to advocate for the latter interpretation. Its CIMP manual clearly specifies that our precedent would forbid such an interpretation and that "[o]ffenders are permitted to use a computer and access the Internet." Likewise, the government does not attempt to defend a complete ban on Internet and computer use.[2] Instead, it argues that the text of the modified condition is limited by the district court's oral statement that Ullmann has not been prohibited from using Internet-capable devices.

"[A]n oral pronouncement of sentence from the bench controls over written language." <u>United States v. Barwig</u>, 568 F.3d 852, 855 (10th Cir. 2009) (quotation and alteration omitted). Accordingly, the controlling version of the modified condition is defined by the district court's unambiguous oral statement that Ullmann "has not been prohibited from using his computer, cell phone, or any other electronic appliance with

---

[2] The government does, however, rely on an unpublished and nonbinding case to claim that a condition requiring approval of a probation officer to access the Internet would be permissible. <u>See</u> <u>United States v. Vinson</u>, 147 F. App'x 763 (10th Cir. 2005). But even in <u>Vinson</u>, we concluded that such a condition was acceptable only if properly implemented so as minimally intrude on Vinson's liberty, by, for example, filtering rather than prohibiting his Internet access. <u>Id.</u> at 774-75.

internet access." Cf. United States v. Mike, 632 F.3d 686, 696 (10th Cir. 2011) (construing condition so as to render it legally sound). This oral statement also clarifies that restrictions may be imposed only on devices with Internet access. If Ullmann has a device, such as a gaming system, that lacks Internet access, the restrictions do not apply. Because the modified condition does not prohibit Ullmann from accessing the Internet or using Internet-capable devices, the district court did not abuse its discretion. The restrictions are related to Ullmann's attempted online solicitation of a minor, and deprive him of no greater amount of liberty than reasonably necessary to protect the public. See Hahn, 551 F.3d at 983.

We conclude that the modified condition is lawful only because of the district court's oral statement. This conclusion does not detract from our concern regarding the ambiguity of the condition, which we are told the Probation Office intends to impose "as the standard sex offender supervision condition" as part of its CIMP policy. In future cases, the ambiguous language of the boilerplate condition at issue, unaccompanied by oral clarification, could reasonably be construed as prohibiting any Internet or computer use. We therefore caution that adjudicating further appeals because of the "restrictions and/or prohibitions" language is not a valuable use of our limited judicial resources.

**B**

Ullmann also argues that the modified condition is inconsistent with the Sentencing Guidelines. We review such claims for abuse of discretion. Smith, 606 F.3d at 1282. Under § 3583(d)(3), conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission." Id. The Guidelines recommend that

courts impose conditions on defendants "limiting the use of a computer or an interactive computer service" if they use such items to commit sex offenses. U.S.S.G. § 5D1.3(d)(7)(B). Section "3583(d)(3) mandates only that the conditions not directly conflict with policy statements." United States v. Bear, 769 F.3d 1221, 1230 (10th Cir. 2014). Because the modified condition restricts, rather than prohibits, Ullmann's use of the Internet and Internet-capable devices, it does not directly conflict with the recommendation of § 5D1.3(d)(7)(B).

## C

Finally, Ullmann contends that the modified condition unconstitutionally delegates authority to perform a judicial function to the Probation Office. We review constitutional non-delegation challenges to conditions of supervised release de novo. United States v. Wayne, 591 F.3d 1326, 1336 (10th Cir. 2010). "Article III of the United States Constitution confers the authority to impose punishment on the judiciary, and the judiciary may not delegate that authority to a nonjudicial officer." United States v. White, 782 F.3d 1118, 1141 (10th Cir. 2015) ("White II").

> To decide whether a condition of supervised release improperly delegates sentencing authority to a probation officer, we distinguish between permissible delegations that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and impermissible delegations that allow the officer to decide the nature or extent of the defendant's punishment.

Id. (quotations and alterations omitted).[3]

---

[3] The government, relying on our unpublished decision in United States v. Fivaz, 521 F. App'x 696 (10th Cir. 2013) (unpublished), contends that it is only impermissible to delegate probation officers authority to impose conditions that affect significant liberty interests. Id. at 701. Again, this reliance on our unpublished authority is misplaced. Our

Ullmann's argument is premised on the modified condition authorizing his probation officer to "prohibit" his Internet use. But a district court's oral delegation to a probation officer controls over the written terms of a condition. See Wayne, 591 F.3d at 1336 (upholding a delegation to a probation officer based on oral statement of district court); accord White II, 782 F.3d at 1141-42 (holding that a condition did not improperly delegate authority because of a district court's extensive oral guidance). As limited by the district court, the modified condition does not improperly delegate to the Probation Office authority to determine the scope or nature of Ullmann's punishment. The court exercised its judicial authority by clarifying at the sentencing hearing that Ullmann would only have to comply with the CIMP restrictions related to Internet-capable devices, thereby deciding for itself the nature and extent of Ullmann's punishment.

Further, the district court specified that it retains decision-making authority and merely instructs the Probation Office to assist in carrying out the court's directives. Cf. White II, 782 F.3d at 1142 (concluding that delegation was proper because the district court "indicated it would remain involved in approving [defendant]'s contact with minors if future problems arose, and . . . has established guidelines and regularly consults with the probation office about approvals [to associate with minor family members]"). This statement confirms that the district court retains control over decisions affecting the scope

---

published precedent prohibits delegating the imposition of conditions that affect a significant liberty interest. See Mike, 632 F.3d at 695-96. No precedential authority supports the inverse proposition.

of Ullmann's punishment, such as whether he can access the Internet, and delegates to the

Probation Office only ministerial issues, such as the choice of monitoring software.[4]

## III

The judgment of the district court is **AFFIRMED**.

---

[4] As written, the modified condition states that Ullmann "shall cooperate with and abide by" the CIMP "[a]s directed by the U.S. Probation Officer." This could be interpreted in two ways. See United States v. Peterson, 248 F.3d 79, 84-85 (2d Cir. 2001) (recognizing similar language to have two possible meanings). One could interpret the phrase "shall cooperate with and abide by" as suggesting compliance with the CIMP is a mandatory condition imposed by the district court to be followed under the direction of the Probation Office. See id. at 85. Or, the phrase "[a]s directed by the U.S. Probation Officer" might be understood to give the Probation Office the discretion to require CIMP compliance. See id. The district court's oral modifications, however, cure any ambiguity and make clear that there was no impermissible delegation in this case.