FILED
United States Court of Appeals
Tenth Circuit

July 6, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL LYNN CARTER,

      Defendant - Appellant.

No. 14-7079
(E.D. Oklahoma)
(D.C. No. 6:14-CR-00026-RAW-1)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.

Defendant Michael Lynn Carter pleaded guilty in the United States District Court

for the Eastern District of Oklahoma to one count of possession of material involving the

sexual exploitation of minors. *See* 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). He

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.
R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without
oral argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir.
R. 32.1.

challenges a special condition of his supervised release that restricts his possession and use of a computer with access to the internet. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

In September 2013 an undercover FBI agent downloaded two video files depicting child pornography from a user on a peer-to-peer file sharing program. The user's IP address was registered to Defendant. Law-enforcement officers searched Defendant's home and his computer, on which were found 475 images and seven videos of child pornography. Defendant was indicted for violating § 2252 and pleaded guilty.

Defense counsel filed a sentencing memorandum seeking a downward variance from the applicable sentencing guideline range, arguing that his pretrial release showed that the public was safe when he lived with his sister, was subject to electronic monitoring, and was "banned from the internet." R., Vol. 1 at 15. The memorandum asserted that home detention would be sufficient because the court could impose rules prohibiting him from using the internet. During the sentencing hearing defense counsel again asserted that the public was protected while Defendant was on pretrial release because he had "been barred from access to the Internet" and that mechanism was "always going to be available to the Court, always going to be available to probation." *Id.*, Vol. 2 at 22.

The district court sentenced Defendant to 96 months' imprisonment and five years of supervised release. It imposed eight special conditions of release in addition to the standard conditions. The challenged special condition states:

> The defendant shall not possess or use a computer with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system.

*Id.*, Vol. 1 at 36.

Then, in an unexplained about-face, defense counsel objected to the condition, arguing that it was overbroad and not reasonably related to Defendant's offense. The district court overruled the objection and imposed the condition, ruling that the condition was "reasonably related to the defendant's condition and need for supervision [and] not overbroad." *Id.*, Vol. 2 at 42. The court added that the probation officer should apply the condition to the "individual defendant to allow the defendant to live a productive life as a citizen and still protect the public." *Id.*

## II. DISCUSSION

"[W]hile the sentencing court has broad discretion in setting the conditions of supervised release, those conditions must satisfy the three statutory requirements laid out in 18 U.S.C § 3583(d)." *United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008). "[T]he condition must (1) be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant and (2) involve no greater deprivation of liberty than is reasonably necessary given the needs to afford adequate

3

deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* (internal quotation marks omitted). "We review the district court's decision to impose special conditions of supervised release for abuse of discretion." *Id.* at 982.

The district court did not abuse its discretion. The propriety of a special condition of release is quite fact-dependent. Here—at least until the last minute—defense counsel acknowledged that the restriction imposed by the special condition was necessary to protect the public and a tolerable burden on Defendant. After all, Defendant had used the internet to commit his offense. And defense counsel pointed to no impairment of Defendant's normal, legitimate life activities caused by the internet ban. In these circumstances the special condition is consistent with our recent decision in *United States v. Ullmann*, No. 14-3148, 2015 WL 3559221 (10th Cir. June 9, 2015).

Our affirmance does not preclude Defendant from later seeking a modification of the special condition.

## III.    CONCLUSION

We AFFIRM the district court's decision.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

4