FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

CARL WAYNE DAVIS,

 Defendant - Appellant.

No. 14-6223
(D.C. No. 5:12-CR-00078-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH,** and **McHUGH**, Circuit Judges.

After Mr. Davis pleaded guilty to federal gun charges and served his prison

term he was placed on supervised released. Soon after his release, though, state

officials convicted him of a new crime. For its part and in response to this news, the

district court opted not to revoke Mr. Davis's federal supervised release but to

modify its terms. Now, among other things, the court forbade Mr. Davis from

accessing the Internet. But Mr. Davis quickly violated these new terms too. And at

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that point the district court did decide to revoke his release and sentence Mr. Davis to a new prison term — though one followed by yet another term of supervised release that, again, included conditions forbidding him from accessing the Internet.

Before us, Mr. Davis contends, among other things, that the Internet use condition the district court imposed at his latest sentencing hearing cannot be squared with *United States v. Ullmann*, 788 F.3d 1260 (10th Cir. 2015).  Decided after the district court issued its latest sentence in this case, *Ullmann* holds that supervised release conditions completely prohibiting "Internet use or use of Internet-capable devices will typically constitute greater deprivations of liberty than reasonably necessary, in violation of [18 U.S.C.] § 3583(d)(2)."  *Id.* at 1263.  To be sure, Mr. Davis didn't raise any *Ullmann*-type argument before the district court so our review in this appeal can only be for plain error.  And, as the government notes, it is within our discretion to deny relief under that standard where (as here) the appellant's submissions do not address the plain error test, its various elements, or attempt to argue how they might be met:  it is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).  At the same time, the government candidly — and commendably — concedes that in this particular case all four elements of the plain error test *are* satisfied.  And just as we may decline to make arguments for parties we may of course accept the well-taken arguments they do make, including their well-taken concessions of error.  We do so here.  The case is remanded to the

- 2 -

district court with instructions to vacate its sentence and issue one consistent with

*Ullmann*.  All other points of appeal and motions are denied.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge