FILED
United States Court of Appeals
Tenth Circuit

June 26, 2018

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEITH HOWARD HULL,

Defendant - Appellant.

No. 17-1086

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:16-CR-00297-PAB-1)**

---

Submitted on the briefs:[*]

Virginia L. Grady, Federal Public Defender, and Veronica S. Rossman, Assistant Federal Public Defender, Denver, Colorado, on the briefs for Appellant.

Robert C. Troyer, Acting United States Attorney, and J. Bishop Grewell, Assistant United States Attorney, Denver, Colorado, on the brief for Appellee..

---

Before **TYMKOVICH,** Chief Judge, **MURPHY**, and **McHUGH**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

## I. Introduction

Defendant-Appellant Keith Howard Hull challenges one of the conditions of supervised release imposed by the district court when it sentenced him for committing bank robbery. The condition requires him to notify third parties of risks he may pose to them. According to Hull, the condition is unconstitutionally vague, an unconstitutional delegation of judicial authority, and an unlawful occupational restriction. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we **affirm** Hull's sentence.

## II. Background

Hull was charged by indictment with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). He pleaded guilty to the charge and a Presentence Investigation Report ("PSR") was prepared. The PSR recommended a sentence of seventy-seven months and a three-year term of supervised release. The term of supervised release included all the standard conditions adopted by the United States District Court for the District of Colorado. Hull filed written objections to the PSR. Relevant to the issue raised on appeal, he objected to the recommendation that the district court impose Standard Condition Twelve, which reads as follows:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with

that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.

USSG § 5D1.3(c)(12).

At the sentencing hearing, the district court imposed a sentence of ninety-four months' incarceration to be followed by a three-year term of supervised release.  The court also imposed, *inter alia*, Standard Condition Twelve, stating it agreed with the probation department that it would be appropriate for the probation department to invoke the condition "under the right circumstances."

## III.  Discussion

### A.  *Standard of Review*

Hull raises three challenges to his sentence.  He asserts Standard Condition Twelve is unconstitutionally vague, constitutes an unlawful delegation of judicial authority to the probation department, and is an unlawful occupational restriction.  Because Hull preserved these challenges by making them below, our review is for abuse of discretion.  *United States v. Muñoz*, 812 F.3d 809, 817 (10th Cir. 2016).  "The district court abuses its discretion when a ruling is based on a clearly erroneous finding of fact, an erroneous conclusion of law, or a clear error of judgment."  *Id*.

### B.  *Vagueness Challenge*

In his main challenge to Standard Condition Twelve, Hull argues the condition is unconstitutionally vague and violates the Due Process Clause of the

Fifth Amendment. Specifically, he asserts the condition is insufficiently clear and specific to fairly guide his conduct and lacks any standard for defining risk. "[W]e use common sense to guide our interpretation of supervised release conditions." *Muñoz*, 812 F.3d at 815. Applying a "common sense, non-technical reading" to Standard Condition Twelve, we conclude it is not unconstitutionally vague.[1] *United States v. Llantada*, 815 F.3d 679, 682 (10th Cir. 2016).

As to Hull's assertion he lacks sufficient notice of what conduct would constitute a violation of Standard Condition Twelve, the condition clearly and specifically states that Hull must provide notice when required to do so by his probation officer. There is no ambiguity in this directive. Hull's obligation to notify third parties when so instructed by his probation officer is clear from the terms of the condition and can be understood by any ordinary person. *See United States v. Corrow*, 119 F.3d 796, 802 (10th Cir. 1997).

Hull makes the related argument that Standard Condition Twelve is vague because it does not provide his probation officer with sufficient guidance to

---

[1]Although the government does not so argue, it is possible Hull cannot raise a due process vagueness challenge to Standard Condition Twelve. In *Beckles v. United States*, the Supreme Court noted it has invalidated only two types of criminal laws as void for vagueness: "laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." 137 S. Ct. 886, 892 (2017). The *Beckles* Court held that the advisory Sentencing "Guidelines are not subject to a vagueness challenge under the Due Process Clause" because, instead of fixing "the permissible range of sentences," they only "guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*.

determine the sort of risks that trigger application of the condition. This argument also fails. Sufficient guidance was given by the district court at sentencing when it stated:

> And in terms of the objection to standard condition No. 12 regarding the notification about a risk, I agree with the Probation Department on that one. For instance, let's assume that Mr. Hull gets released and then he notifies the Probation Department that he is now employed by a cleaning service, and one of the places that they clean are banks. That would be a really good reason to have him notify the cleaning service that he has been convicted of bank robbery before, not once, but a couple of times.
>
> . . . .
>
> So I think the objection to that particular condition is overruled. And I think that the nature of the defendant's criminal history, in particular, you know, home invasion robberies, bank robberies, it's perfectly appropriate that there would be some type of condition like that that would—that could be invoked by the Probation Department under the right circumstances, so I overrule the objection to that.

These statements provide clear direction to the probation department by tying Standard Condition Twelve to the risks associated with Hull's criminal history, including home invasion robberies and bank robberies. Offering further guidance, the court stated it agreed with the probation department's justification for recommending Standard Condition Twelve. That justification was contained in the probation officer's following response to Hull's written objection to the PSR.

> The purpose of this condition is to notify others of physical or financial harm that may be caused by the defendant to provide them with the necessary information to avoid risk of victimization. Further, this condition serves the statutory sentencing purpose of

public protection at 18 U.S.C. §3553(a)(2)(C). From an implementation perspective, the identification and management of third party risk requires a careful analysis by the probation officer that considers both the seriousness of the risk created and the possible jeopardy to the offender's employment or other aspects of rehabilitation. Reasonably foreseeable risk may be addressed in numerous ways, including changes in supervision strategies and disclosures to third parties, just to name a few. In many cases, there will be no identified risk; therefore, this condition is never implemented. However, due to the fluid nature of an individual's life circumstances, the determination of whether specific third party risk exists must be made in real time during a term of supervision; not during the sentencing process. As such, the Probation Office asserts this condition is necessary for the protection of potential third parties at risk, and recommends that it be imposed as approved in General Order 2016-1 to allow for the ongoing assessment of risk during the term of supervision.

Read together with the district court's oral statements and applying a common sense approach, Standard Condition Twelve provides sufficient guidance to the probation department. Hull's prior convictions for bank robbery and home invasion provide any necessary context for the condition and inform the probation department's task of determining which parties may be at risk for financial or physical harm. Thus, the condition is not vague and provides sufficient guidance as to what risks must be disclosed and to whom.

*C. Delegation of Judicial Functions*

Hull next argues Standard Condition Twelve improperly delegates judicial functions to the probation department, in violation of Article III of the Constitution. We apply a de novo standard of review to this challenge. *United States v. Ullmann*, 788 F.3d 1260, 1264 (10th Cir. 2015).

> To decide whether a condition of supervised release improperly delegates sentencing authority to a probation officer, we distinguish between permissible delegations that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and impermissible delegations that allow the officer to decide the nature or extent of the defendant's punishment.

*United States v. White*, 782 F.3d 1118, 1141 (10th Cir. 2015) (quotation and alterations omitted)).

Hull acknowledges "that probation officers have broad authority to advise and supervise probationers." *United States v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011) (quotation omitted). He asserts, however, that Standard Condition Twelve grants the probation department "unfettered discretion" to decide whether, as well as how, the condition should be applied. But, as we concluded above, the district court cabined the probation department's discretion. Further, when the probation department identifies a risk by applying the criteria set out by the district court, it has no discretion to determine whether Hull must give the notice contemplated by Standard Condition Twelve. At the sentencing hearing, the district court specifically instructed the probation department that it must require Hull to give notice if a risk is identified. R. at 228 ("[I]t's important that [the probation department] be able to assess those situations, and if one of them seems to indicate a risk, that they would require notification."); *Ullmann*, 788 F.3d at 1264 ("An oral pronouncement of sentence from the bench controls over written language." (alteration and quotation omitted)).

Standard Condition Twelve is applicable only to those risks relating to Hull's history of bank robberies and home invasions. Because it is specific as to the circumstances in which it applies, it does not permit the probation department to decide the nature or extent of Hull's punishment. Once a risk is identified, the probation department must require Hull to comply with the notification requirement. The only power left to the probation department is the ministerial task of determining the steps Hull must take to satisfy his obligation to comply. Accordingly, Standard Condition Twelve is not an unconstitutional delegation of judicial authority.

*D. Occupational Restriction*

Hull also challenges Standard Condition Twelve as an unlawful occupational restriction. He argues a district court may not require him to notify an employer about his criminal history as a condition of supervised release unless the court first makes the findings required by USSG § 5F1.5. We conclude Standard Condition Twelve is not an occupational restriction.

An occupational restriction is "a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so." USSG § 5F1.5(a). Occupational restrictions are not recommended by the Guidelines but may be imposed as a condition of supervised release if the district court first makes the findings detailed in USSG § 5F1.5(a). Standard Condition

Twelve, on the other hand, is one of the many standard conditions of supervised release "recommended" by the Sentencing Guidelines. USSG § 5D1.3(c). This court has held that no supporting findings are required to impose a standard condition of supervision. *Muñoz*, 812 F.3d at 823.

On its face, Standard Condition Twelve does not prohibit Hull "from engaging in a specified occupation, business, or profession, or limit[] the terms on which" he may do so. USSG § 5F1.5(a). Hull argues, however, that it is an occupational restriction because he may be required to notify an employer about his prior convictions. The authority on which he relies does not support this proposition.

In *United States v. Souser*, 405 F.3d 1162 (10th Cir. 2005), a condition of supervised release similar to Standard Condition Twelve required the defendant to notify third parties of risks occasioned by her criminal record. *Id.* at 1163-64. Informal local policy contained in the probation office's internal manual interpreted this condition to require the defendant to inform her employer of "any prior criminal history that is relevant to the employment situation." *Id.* at 1164. The district court interpreted the condition to require the defendant to notify her employer of her conviction. *Id.* at 1166. As so interpreted, this court held the condition was an occupational restriction. *Id.* at 1165-66. *Souser* is not applicable here because the district court did not impose Standard Condition Twelve under the mistaken belief that it *requires* Hull to notify any and all

employers of his convictions. As set out above, the court's understanding of the limited applicability of the condition is clear from the example it offered of the limited circumstances under which Hull would be required to provide notice to an employer (i.e., his employment by a cleaning service that cleans banks). *United States v. Mike*, is similarly unpersuasive. Like the condition imposed in *Souser*, the one imposed in *Mike* was struck down because it required the defendant to notify all employers of his convictions. 632 F.3d at 698.

Standard Condition Twelve does not prohibit Hull from engaging in any particular profession and it does not categorically require him to notify employers of his convictions. Accordingly, it is not an occupational restriction and USSG § 5F1.5 is inapplicable.

## IV.    Conclusion

The sentence imposed by the district court is **affirmed**.