# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3753

_____

United States of America

*Plaintiff - Appellee*

v.

Henry Chase Alone

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: September 21, 2020
Filed: September 24, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Henry Chase Alone appeals after a jury found him guilty of two child-exploitation offenses and an incest offense, and the district court[1] sentenced him to

_____

[1]The Honorable Jeffrey L. Viken, then Chief Judge, now United States District Judge for the District of South Dakota.

a prison term within the advisory range under the United States Sentencing Guidelines Manual. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the admission at trial of videos depicting child pornography, the substantive reasonableness of Chase Alone's sentence, and a supervised-release condition. In pro se briefs, Chase Alone questions his competence to stand trial; and asserts the child-exploitation charges were multiplicitous, the evidence on one of those charges was insufficient, and his counsel was ineffective. Chase Alone has also moved for "declaratory relief."

Turning first to the arguments in the pro se briefs, we conclude there was no evidence raising a doubt about Chase Alone's competence. *See United States v. Crawford*, 487 F.3d 1101, 1105 (8th Cir. 2007) (noting "[u]nless 'evidence raises sufficient doubt' about a defendant's competence, further inquiry is not required" and the district court is within its discretion to determine whether a competency evaluation is warranted). Next, we conclude the child-exploitation charges were not multiplicitous, as they were based on separate conduct. *Cf. United States v. Smith*, 919 F.3d 1, 15-16 (1st Cir. 2019) (explaining a multiplicity argument is countered by determining whether sufficient factual basis exists to treat each count as separate). We also conclude there was sufficient evidence to support the challenged child-exploitation conviction. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review); *see also United States v. Coutentos*, 651 F.3d 809, 823 (8th Cir. 2011) (elements of child exploitation). In addition, we decline to consider Chase Alone's claims of ineffective assistance of counsel on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings).

Turning to the arguments in the *Anders* brief, we conclude the district court did not abuse its discretion in admitting the videos at trial. *See* Fed. R. Evid. 403 (court may exclude relevant evidence if its probative value is substantially outweighed by

danger of, inter alia, unfair prejudice); *United States v. Ramos*, 852 F.3d 747, 755-56 (8th Cir. 2017) (standard of review); *see also United States v. Evans*, 802 F.3d 942, 946 (8th Cir. 2015) (explaining defendant did not demonstrate depictions of child pornography were prejudicial as he did not argue they were not representative of material from his devices or were particularly graphic, or convincingly argue number of files or amount of time jury reviewed them was excessive).

Furthermore, we conclude Chase Alone's sentence is not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness). In addition, we conclude the district court did not abuse its discretion in imposing a supervised-release condition providing, inter alia, that if the probation officer determined Chase Alone posed a risk to another person, the officer could require him to notify the person of the risk. *See United States v. Hull*, 893 F.3d 1221, 1223-24 (10th Cir. 2018) (concluding imposition of similar supervised-release condition was not abuse of discretion).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we deny Chase Alone's pending motions, we affirm, and we grant counsel leave to withdraw.

_____