FILED
United States Court of Appeals
Tenth Circuit

August 22, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES JUSTIN WOODS,

        Defendant - Appellant.

No. 13-3105

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 5:11-CR-40046-JWL-1)**

---

Howard Pincus, Assistant Federal Public Defender (Virginia L. Grady, Interim Federal Public Defender, with him on the briefs) Office of the Federal Public Defender, Denver, Colorado, for Appellant.

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States Attorney, with him on the brief) Office of the United States Attorney, Topeka, Kansas, for Appellee.

---

Before **TYMKOVICH**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

James Woods and several others were indicted for participating in a conspiracy to distribute methamphetamine. At trial, the government called Woods's coconspirators. During direct and cross examination, they testified they had pleaded guilty to the conspiracy and entered a plea agreement with the government. They then went on to describe their involvement in Woods's drug distribution ring.

Woods's defense theory at trial was that he and the cooperating witnesses did not deal in methamphetamine, foreclosing Woods's involvement in the charged conspiracy. Defense counsel argued the cooperators were lying about the charged conspiracy to obtain favorable treatment from the government as part of their plea bargain arrangements. In response to this line of attack, during his closing argument, the prosecutor told the jury, among other things, that, if the drug conspiracy was about "anything other than meth, then why would those witnesses all come in and plead guilty to . . . conspiracy to distribute meth?" Supp. App. 24.

Although Woods did not object to the prosecutor's closing argument, he argues on appeal that the district court committed plain error in failing to *sua sponte* declare a mistrial or instruct the jury to disregard the objectionable statements. He contends the prosecutor's comments constitute improper use of the cooperators' guilty pleas as substantive evidence against him.

We affirm. Woods cannot show plain error by the district court. It was not plain or obvious that, in the absence of an objection, the court should have declared a mistrial or issued an additional admonishment or curative instruction beyond those already contained in the jury instructions.

## I. Background

Woods was indicted for conspiring to distribute methamphetamine. Several of his alleged coconspirators were included in the indictment, but they later pleaded guilty. In connection with their guilty pleas, they agreed to testify against Woods.

At Woods's trial, the evidence of the conspiracy fell into two categories. First, the prosecution played tapes of a number of recorded telephone calls between Woods and the cooperating witnesses. Although no one on the calls explicitly mentioned meth—by that term or by slang or code terms—the cooperating witnesses testified that they were in fact referring to meth trafficking on the calls. The defense maintained, however, that the conversations could be about other drugs and highlighted portions of conversations the witnesses admitted were referring to marijuana and cocaine.

Second, the cooperating witnesses provided firsthand testimony about the meth distribution scheme. For instance, one witness testified that he was Woods's primary supplier. Others testified that they had worked with Woods as meth couriers or distributors. To undercut this testimony, defense counsel

repeatedly elicited cross-examination testimony affirming that the cooperating witnesses expected testifying against Woods would be rewarded by reductions in their sentences.

Before closing arguments, the district court issued jury instructions. Among other instructions, the court informed the jurors that an indictment is not evidence and does not create any inference of guilt and "[t]he fact that an accomplice has entered a guilty plea to the offense charged is not evidence of guilt of any other person." App. Vol. 3 at 879. The instructions also cautioned the jury that "[s]tatements and arguments by counsel are not evidence." *Id.* at 882.

During closing arguments, the prosecution argued that, had the cooperating witnesses not been involved in distributing meth, they would not have testified that they were part of the meth ring or pleaded guilty to meth crimes:

> The cooperating witnesses are critical here because I suspect you're going to hear a lot about that here in a few minutes. So let's talk about that for a minute and take that in context of whether or not we're really talking about meth.
>
> Ask yourself this very question when listening to that: *if this entire investigation, this entire prosecution, all of the effort put out by the DEA, the witnesses coming in to testify, the witnesses being debriefed, the witnesses cooperating with the government, if this was about anything other than meth, then why would those witnesses all come in and plead guilty to the top count in the indictment, which is conspiracy to distribute meth?*

You have [eight witnesses, mentioned by name]. *Why would they all come in and plead guilty to meth distribution if this wasn't about meth?* Is that a reasonable conclusion to draw? Of course not. In no way is that a reasonable conclusion to draw that this is about something other than meth. It simply is not.

*They came in and pled guilty to conspiracy to distribute meth because that's what they did. They conspired with him to distribute a lot of meth, and for that reason you should find him guilty.*

Supp. App. 24–25 (emphasis added). Woods's attorney did not object to the prosecutor's closing argument.

## II. Analysis

Woods argues the prosecutor's closing argument impermissibly encouraged the jury to look to the cooperating witnesses' guilty pleas and the mere fact of prosecution as substantive evidence of Woods's guilt.

Because Woods failed to raise before the district court either of the arguments he makes on appeal, we conduct a plain error review. *See United States v. Beckman*, 662 F.2d 661, 662 (10th Cir. 1981). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Smalls*, 752 F.3d 1227, 1236 (10th Cir. 2014) (citations and internal quotation marks omitted). A error is plain when it is "clear or obvious under current law." *United States v. Rosales-Miranda*, 755 F.3d. 1253, No. 13-1150, 2014 WL 3033419, at *3 (10th Cir. July 7, 2014). An error

seriously affects the defendant's substantial rights "when the defendant demonstrates that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Id.* at *4 (internal quotation marks omitted). "The plain error standard presents a heavy burden for an appellant and is to be used sparingly." *Smalls*, 752 F.3d at 1236.

While we doubt there was error, Woods certainly cannot show any plain error—let alone error affecting substantial rights or the integrity of the trial.

## A. Guilty Pleas

"A codefendant's guilty plea may not be used as substantive evidence of a defendant's guilt." *United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983). The rule is grounded in notions of fundamental fairness and due process, *see United States v. Pedraza*, 27 F.3d 1515, 1525 (10th Cir. 1994); *United States v. Paterson*, 780 F.2d 883 (10th Cir. 1986), and serves at least two important purposes. First, it curbs the jury's temptation to find guilt by association. *See United States v. Peterman*, 841 F.2d 1474, 1480 (10th Cir. 1988); *see also United States v. Dunn*, 841 F.2d 1026, 1031 (10th Cir. 1988). Second, it helps to ensure the government must prove every element of an offense against the defendant; the government may not borrow proof from another person's conviction. *See United States v. Austin*, 786 F.2d 986, 991 (10th Cir. 1986).

"A guilty plea entered by a codefendant can be especially prejudicial if the plea is made in connection with a conspiracy to which the remaining defendants

-6-

are charged." *Peterman*, 841 F.2d at 1480.  The government cannot argue "to the jury that the coconspirators' convictions established the evidence of a conspiracy, an element of the crime with which defendants were charged."  *Austin, 786 F.2d at 991*.

But a codefendant's guilty plea may be entered into evidence when two conditions are met.  First, the judge must give a limiting instruction informing the jurors that the plea may not be used as substantive evidence.  *United States v. Whitney*, 229 F.3d 1296, 1304 (10th Cir. 2000).  Second, the plea evidence must be used for the proper purpose of "aiding the jury in its assessment of the co-defendant's credibility as a witness."  *Id.*  In that context, the defense may use the plea to suggest the witness has motive to lie; or, alternatively, the prosecutor may use the plea to bolster the witness's credibility by explaining his claim to firsthand knowledge.  *Id.*; *see also United States v. Universal Rehab. Servs. (PA)*, 205 F.3d 657, 667 (3d Cir. 2000) (holding that admitting a plea for the purpose of explaining a witness's reasons for having firsthand knowledge is a "corollary to the credibility rationale").  "[E]vidence of the guilty plea of a codefendant who testifies may also be used to show acknowledgement by the witness of participation in the offense."  *United States v. Davis*, 766 F.2d 1452, 1456 (10th Cir. 1985).  But using the evidence to show acknowledgment is not an

independent avenue toward admissibility; it is a corollary of the rule allowing

plea evidence for the proper purpose of assessing credibility.[1]

In this case, Woods argues the prosecutor used the cooperating witnesses'

guilty pleas as substantive evidence rather than for credibility when the

prosecutor rhetorically asked the jury why the witnesses would have pleaded

guilty to a conspiracy to distribute meth. The comment is, at worst, ambiguous

and allows for several interpretations.

First, the statement could be reasonably interpreted to make the point that,

if the drug being dealt was not meth, the witnesses would not have pleaded guilty

to meth crimes. In other words: if the witnesses pleaded to meth crimes, they

were truthful when they said they dealt meth.[2] But, even so, we cannot say that

sentence, strictly interpreted, speaks only to the witnesses' credibility. We must

consider the context. A few sentences later, the prosecutor said, "[the

cooperating witnesses] came in and pled guilty to conspiracy to distribute meth

because that's what they did. They conspired *with [Woods]* to distribute a lot of

meth, and for that reason you should find him guilty." Supp. App. 24 (emphasis

---

[1] Because "substantive evidence" is "[e]vidence offered to help establish a fact in issue, as opposed to evidence directed to impeach or to support a witness's credibility," Black's Law Dictionary (9th ed. 2009), allowing plea evidence for any purpose other than credibility would require creating an exception to the general prohibition against using pleas as substantive evidence.

[2] The rule of transposition allows us to interpret "if not A, then not B" to mean "if B then A."

-8-

added).  In that context, the suggestion that the pleas themselves made it more likely that the cooperating witnesses actually dealt meth could encourage jurors to borrow an element of the crime charged—namely, that the drug was meth—from the conviction of a coconspirator, which we do not permit.  *See Austin*, 786 F.2d at 991.

Alternatively, we could interpret the prosecutor's statements, read in their broader context, to reinforce the witnesses' credibility and respond to defense attacks.  Throughout trial, the defense argued that the cooperating witnesses were lying when they gave firsthand accounts of selling meth to or buying meth from Woods.  In that setting, the prosecutor's statements suggest the jury look to the guilty pleas as reason to believe that the witnesses had not lied on the stand.  To the extent the prosecutor used the guilty pleas to render more credible the witnesses' narrative testimony that Woods had dealt meth—rather than to imply that the pleas are themselves evidence that Woods had dealt meth—the prosecutor's closing argument was proper.

In light of that ambiguity, it is by no means clear that the jurors interpreted the prosecutor's argument as an invitation to walk down a forbidden path.  *See Donnelly v. DeChristoforo*, 416 U.S. 637, 644 (1974) (holding that, because a prosecutor's statement during closing argument was ambiguous, it was not so misleading and prejudicial that it deprived the defendant of due process).  Thus, we cannot say that the prosecutor used the pleas as substantive evidence against

Woods, depriving Woods of due process and requiring the district court to *sua sponte* declare a mistrial or give an additional post-argument curative instruction.[3]

Even if the district court did err, however, the error was not plain because it was not "clear or obvious." *Whitney*, 229 F.3d at 1308. The instructions informed the jury that "[t]he fact that an accomplice has entered a guilty plea to the offense charged is not evidence of guilt of any other person," and that "[s]tatements and arguments by [the prosecution] are not evidence." App. Vol. 3 at 879, 882. Woods cannot point to any case making it obvious that the type of instruction the district court gave before closing arguments would not mitigate the need for a mistrial, and Woods concedes that a stronger admonition during closing arguments might have sufficiently answered the offensive language.

Finally, given the strength of the witnesses' testimony that they actually bought or sold meth with Woods,[4] the government satisfied its burden in proving the drug involved was meth, and, accordingly, any error did not affect Woods's substantial rights.

---

[3] We recognize that the district court issued a jury instructions that the pleas were not to be construed as evidence of Woods's guilt. But, since the district court delivered the jury instructions before the attorneys made their closing arguments, Woods contends that a post-argument instruction would have been required to cure the prosecutor's allegedly improper comments.

[4] Woods argues that, if the prosecutor's closing argument about the effect of the guilty pleas was improper, it tainted the entirety of the cooperating witnesses' testimony. We disagree and therefore decline to disregard the testimony as we assess the strength of the evidence against Woods.

In sum, the district court's failure to declare a mistrial or further instruct the jury did not climb to the level of plain error.

## B. Investigation and Prosecution

Woods also contends the prosecutor argued during his closing argument that the mere fact of Woods's prosecution implies his guilt. Specifically, Woods points to the prosecutor's statement, "[i]f this entire investigation, this entire prosecution, all of the effort put out by the DEA . . . was about anything other than meth, then why would these witnesses all come in and plead guilty to the top count in the indictment, which is conspiracy to distribute meth?" Supp. App. 24.

"It is always improper for a prosecutor to suggest that a defendant is guilty merely because he is being prosecuted." *Cargle v. Mullin*, 317 F.3d 1196, 1218 (10th Cir. 2003). But to find the prosecutor's statement crossed this line, the statement would have to mean one thing: because Woods was investigated and prosecuted for a meth crime, he is guilty of a meth crime. That is not a reasonable interpretation of the prosecutor's words.

The more obvious interpretation is the one offered by the government. At this point in the trial, the jurors were well aware that the investigation and prosecution were about meth. They had heard testimony from police witnesses that the investigation had been into meth distribution. In that context, the prosecutor's statements take aim at Woods's theory that the conspiracy did not

-11-

involve meth and Woods's argument that the cooperating witness's testimony was not credible.

## III.  Conclusion

In sum, the district court did not commit plain error in failing to declare a mistrial or issue a curative instruction.  The district court's judgment is affirmed.