NOT DESIGNATED FOR PUBLICATION

No. 118,066

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KELVIN PHILLIPS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed November 21, 2018. Affirmed.

*Dionne A.L. Carter*, of Carter Law Offices, of Topeka, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Kelvin Phillips Jr., serving a sentence for premeditated murder and other crimes, appeals the summary denial of his motion for habeas corpus relief. He raises several issues of prosecutorial error, ineffective assistance of both trial and appellate counsel, and several trial errors. Our review of the record leads us to affirm the district court's summary denial of his motion. Phillips has not shown he is entitled to a hearing or relief from his convictions.

1

*Phillips' case history can be found in the Supreme Court opinion.*

Phillips and others were charged with the 2007 murder of James Earl Dyer. The details of the crime and the rather complicated procedural history of his case are set out in detail in *State v. Phillips*, 299 Kan. 479, 480-91, 325 P.3d 1095 (2014). We need not repeat those details here.

After his convictions were affirmed, Phillips timely filed this K.S.A. 60-1507 motion which the district court summarily denied. In a memorandum decision, the district court addressed each point raised by Phillips and found his arguments merited no hearing or relief.

To us, Phillips has reduced his claims to roughly four categories:

- Prosecutorial error;
- ineffective trial counsel;
- ineffective appellate counsel; and
- various trial errors.

We will address his claims in that order.

*Phillips has failed to show us any prosecutorial error.*

In his motion, Phillips makes seven claims of prosecutorial error:

1. The prosecutor coerced a witness into giving false testimony.
2. The prosecutor vindictively took advantage of the defendants by separating codefendant Armstrong's trial.

3. The prosecutor intentionally introduced unnecessarily prejudicial testimony about a knife when no knife was involved in the incident.

4. The prosecutor made false statements during voir dire.

5. The prosecutor misstated facts in evidence.

6. The prosecutor improperly commented upon witness credibility, specifically by calling Phillips a liar.

7. The prosecutor erroneously informed the jury that Armstrong had been convicted based on his role in the crime.

Phillips claims that the prosecutor coerced a witness into giving false testimony, made false statements during voir dire, and misstated facts in evidence. These claims do not appear to have an evidentiary basis and an evidentiary basis is not readily apparent from our review of the record. In our view, Phillips has failed to carry his burden of establishing the evidentiary basis for these claims.

While Phillips stated in the motion that he would expand upon the claims when he had access to the record, he does not do so in his brief. Thus, he has not shown that he is entitled to relief for these claims. See *Holt v. State*, 290 Kan. 491, 495-96, 232 P.3d 848 (2010). For the remaining claims, there is a basis within the record or Phillips has provided an evidentiary basis for his claims for us to consider.

The law on this point is clear. In *State v. Sherman*, 305 Kan. 88, 378 P.3d 1060 (2016), our Supreme Court established a two-part test that is used to determine if a defendant's right to a fair trial has been violated. First, we determine whether the prosecutor erred. A prosecutor errs when he or she acts outside the wide latitude afforded to prosecutors in pursuing their case. 305 Kan. at 109. If prosecutorial error is established, the conviction must be reversed unless the error is harmless under the constitutional harmless error test set out in *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). Under the constitutional error analysis, this court can

3

uphold the conviction if the State proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.* where there is no reasonable possibility that the error contributed to the verdict. *Sherman*, 305 Kan. at 109. We will use that framework here.

First, Phillips claims the prosecutor erred by separating Armstrong's second trial from the other trials. But the record shows that this was not an action of the prosecutor. Phillips moved to sever his trial from the remaining defendants. The record is clear that the codefendants were arguing for severance of Armstrong's trial. The prosecutor acquiesced in the codefendants' requested severance. As a result, this claim fails the first part of the *Sherman* analysis because the prosecutor did not act outside the wide discretion afforded to prosecute the case. This claim is not a basis for Phillips to obtain relief.

The second challenge of prosecutorial error is Phillips' challenge that the prosecutor unfairly prejudiced the jury by asking questions about a knife while obtaining testimony from a coroner. A prosecutor can act outside the latitude afforded to prosecutors by introducing unnecessarily prejudicial or inflammatory evidence. See *State v. Huynh*, No. 93,011, 2005 WL 3527009, at *4-5 (Kan. App. 2005) (unpublished opinion). When we evaluate conduct of a prosecutor we must do so in the context in which the conduct occurred. *State v. Davis*, 306 Kan. 400, 413, 394 P.3d 817 (2017). Phillips complains that the prosecutor introduced testimony about a knife when no knife was involved in the incident. Phillips is correct that there was no knife, which makes this comment somewhat prejudicial. But in context the statement had probative value that outweighs any prejudice.

The specific testimony that Phillips challenges involved the coroner discussing a wound that Dyer had received. After showing a picture of the wound to the jury, the prosecutor asked whether the injury could have been caused by a fist, which the coroner

responded in the affirmative. The prosecutor then asked whether the wound could have been caused by a knife. The coroner stated that it was possible that the wound could have been caused by a handle of a large knife, but it was unlikely to be caused by the blade. Finally, the prosecutor asked whether the injury could have been caused by a specific ashtray, which had been introduced into evidence, and the coroner responded that an ashtray could have caused the injury.

The purpose of the line of questioning was to inform the jury that the injury was caused by some kind of blunt force. The question about the knife is relevant in showing the jury that the injury occurred by blunt force rather than a sharp cut. The question about the knife helps to highlight the prosecutor's theory that the ashtray caused the injury. In this context, the prosecutor did not introduce unnecessarily prejudicial or inflammatory testimony and did not act outside the wide latitude afforded to prosecutors.

The next challenge we consider is Phillips' claim that the prosecutor improperly commented on Phillips' credibility. A prosecutor errs when he or she states a personal opinion upon the credibility of a witness. *State v. Pribble*, 304 Kan. 824, 835, 375 P.3d 966 (2016). These types of statements are a form of unsworn, unchecked testimony and are impermissible. *State v. Pabst*, 268 Kan. 501, 510, 996 P.2d 321 (2000). A prosecutor, however, may discuss with the jury the evidence the jury should use in assessing witness credibility. *State v. Hart*, 297 Kan. 494, 505-06, 301 P.3d 1279 (2013); *State v. Scaife*, 286 Kan. 614, 624-25, 186 P.3d 755 (2008).

Phillips claims that the prosecutor called him a liar during closing arguments. This is a misinterpretation. During closing arguments, the prosecutor made a statement that Phillips had provided two different stories about the events. The prosecutor argued to the jury which story it should believe. The prosecutor did not call Phillips a liar. Instead, the prosecutor commented upon the evidence. These statements were not prosecutorial error.

5

Phillips' final claim is that the prosecutor erred in stating that Armstrong had been convicted for his role in the crimes. Generally, it is impermissible to use a codefendant's conviction or guilty plea as substantive evidence of guilt. Doing so violates due process rights. See *United States v. Woods*, 764 F.3d 1242, 1246 (10th Cir. 2014). The prosecutor here made no argument that the jury should find Phillips guilty because another jury found Armstrong guilty. The prosecutor made the comment about Armstrong's conviction to give context to Armstrong's testimony. The prosecutor argued that the jury should consider the content of Armstrong's testimony. This argument contained no statement that the jury should convict Phillips because a different jury convicted Armstrong.

In looking deeper at this, even if there is error, the prejudicial effect of the comment was mitigated by the jury instruction which required the jury to consider the guilt of each defendant separately from the others. Additionally, one of Phillips' codefendants argued that the jury should not find the defendants guilty simply because Armstrong was found guilty. These factors mitigate any prejudice caused by any potential error.

In assessing the harmlessness of prosecutorial error, we may also provide a secondary focus upon the weight of the evidence. See *Sherman*, 305 Kan. at 111. Simply put, the evidence supported a conviction. Under the pre-*Sherman* standard, our Supreme Court found an instance of prosecutorial error from Phillips' trial was harmless based in part on the weight of the evidence. *Phillips*, 299 Kan. at 502-08. Phillips did not challenge whether he fired the gun—through his testimony, he admitted he fired the gun. Phillips' defense was based on a lack of intent and premeditation. See 299 Kan. at 488-94, 497. Our Supreme Court found that the evidence of premeditation was overwhelming enough to overcome error in misstating the law of premeditation. 299 Kan. at 506-08. Based on that conclusion, as well as the information we have set out above, there is no reasonable possibility that the comments on Armstrong's conviction affected the jury's verdict.

Based on the review of Phillips' claims of prosecutorial error, he has not stated a claim for which he is entitled to relief. Thus, the district court did not err in summarily denying this portion of his motion.

*Phillips has not shown us that his trial counsel was ineffective.*

Phillips claims he received ineffective assistance of counsel because of allegedly deficient performance of his trial counsel. To obtain relief because of ineffective assistance of counsel, the criminal defendant bears the burden of showing two elements. First, the counsel's representation must fall below an objective standard of reasonableness based on all the circumstances. Second, if there is deficient performance, the defendant must show that there is a reasonable probability that the outcome of the proceeding would have been more favorable to the defendant. *Rowland v. State*, 289 Kan. 1076, 1083, 219 P.3d 1212 (2009).

In making the determination of whether counsel's representation was reasonable, there is a strong presumption that the trial counsel's actions were appropriate. We must be highly deferential in this scrutiny and must make every effort to eliminate the potential distortions that can occur because of hindsight. *Moncla v. State*, 285 Kan. 826, 832, 176 P.3d 954 (2008). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. [Citation omitted.]" *State v. Gleason*, 277 Kan. 624, 644, 88 P.3d 218 (2004).

First, Phillips claims error because his trial counsel did not request a directed verdict and did not object to the retrial following his mistrial. This argument fails the prejudice side of the test. As for the objection to retrial, our Supreme Court fully addressed Phillips' contention and found that a retrial was appropriate. *Phillips*, 299 Kan.

7

at 491-97. Turning to the claim about a directed verdict, a directed verdict is essentially a motion for judgment of acquittal. See *State v. Dubish*, 234 Kan. 708, 715, 675 P.2d 877 (1984). Judgment of acquittal is appropriate "if [insufficient evidence] to sustain a conviction of such crime or crimes" was presented at trial. K.S.A. 22-3419(1). Our Supreme Court found that sufficient evidence was presented to uphold Phillips' convictions. *Phillips*, 299 Kan. at 497-502. Because there was sufficient evidence to convict Phillips, it is unlikely that a motion for a judgment of acquittal would have been granted had it been requested. Thus, Phillips' argument fails the prejudice prong.

Phillips' next claim is that his counsel did not fully investigate the State's witnesses who were not law enforcement officers. Phillips argues there were unfiled charges against these witnesses that would have impeached their testimony. Phillips' claim is conclusory and he has not shown a basis in the record to grant his motion on this ground. See *Holt*, 290 Kan. at 495-96.

Next, Phillips argues his counsel was ineffective for not obtaining a firearms expert. The decision to obtain an expert witness is generally a strategy decision. See *Ferguson v. State*, 276 Kan. 428, 448-50, 78 P.3d 40 (2003). Phillips does not challenge that there was a lack of investigation; thus, the decision to not hire an expert witness is virtually unchallengeable. See *Gleason*, 277 Kan. at 644. Additionally, the State's firearms expert testimony was rather limited. The firearms expert identified the type of bullets fired and that the bullets and casings were fired from a single gun. It was impossible to determine whether the casings and the bullets were fired from the same gun. Thus, the expert could not determine whether more than a single gun was present. Based on the content of the expert testimony, it is unclear what additional information a defense expert would have provided. In other words, it is unclear how the failure to obtain an expert created any prejudice even if not hiring an expert was deficient performance by Phillips' trial counsel.

8

Phillips also claims his counsel provided ineffective assistance by failing to stipulate to the cause of death, which allowed prejudicial photographs to be presented to the jury. First, this argument presumes that the State would have stipulated to the cause of death. Second, the decision whether to stipulate is a strategy decision that is not sufficient grounds to reverse Phillips' convictions. Finally, the State may have been able to produce the photographs to corroborate testimony even if Phillips conceded the cause of death. See *State v. Smallwood*, 264 Kan. 69, 84, 955 P.2d 1209 (1998). The alleged failure to stipulate to the cause of death is not a ground for ineffective assistance of counsel.

Phillips claims his trial counsel provided ineffective assistance by not objecting to Armstrong's testimony. First, Phillips argues his attorney should have objected to the hearsay testimony based on the Confrontation Clause. This claim is based on a claim that Phillips was unable to cross-examine Armstrong in any meaningful way because he was uncooperative. This claim lacks merit. Under *Crawford v. Washington*, 541 U.S. 36, 52-57, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), out-of-court statements that are testimonial are inadmissible under the Confrontation Clause unless the witness is unavailable and the defense has had an opportunity to cross-examine the witness at a prior time. Armstrong was available for cross-examination. Because Armstrong was present and subject to cross-examination there is no issue with the Confrontation Clause to support an objection to the testimony.

The State's redirect examination occurred on a separate day. The State attempted to only introduce a single question, and Armstrong was uncooperative. The question was whether Armstrong had been convicted of premediated murder, and the district court took judicial notice that he had been convicted. Additionally, the district court offered a limited cross-examination to any defendant based on the court taking judicial notice of the conviction, and the defendants declined the opportunity. An attorney's representation is not deficient for not raising an objection that would not be granted. See *Brown v. State*, No. 104,248, 2011 WL 3795475, at *2 (Kan. App. 2011) (unpublished opinion), *rev.*

9

*denied* 296 Kan. 1129 (2013); *Davis v. State*, No. 102,566, 2010 WL 2545674, at *3 (Kan. App. 2010) (unpublished opinion), *rev. denied* 290 Kan. 1092 (2010). Here, an objection based on the Confrontation Clause and lack of ability to cross-examine would not have been granted; thus, Phillips has not shown his trial counsel's performance was deficient.

As for Armstrong's hearsay testimony, Phillips argues his trial counsel was ineffective for not objecting to a lack of the district court qualifying Armstrong under K.S.A. 60-460. Phillips claims Kansas law requires the district court find that the statement be voluntarily given before admission under a hearsay exception. Phillips is correct when the hearsay evidence being admitted is a confession. See K.S.A. 60-460(f). Armstrong's hearsay statement was not a confession. Instead, the statement was a prior inconsistent statement that is admissible under K.S.A. 60-460(a). The qualification that Phillips asserts was required is not applicable to statements admissible under K.S.A. 60-460(a). Phillips' trial counsel was not ineffective for failing to raise this objection because the objection would have been futile.

Next, Phillips argues his trial counsel was ineffective for failing to object to the admission of testimony given by Armstrong's counsel. Phillips argues that his attorney should have objected on the grounds of the attorney-client privilege. There is no foundation for this objection. The attorney-client privilege is a statutory privilege within the rules of evidence. K.S.A. 60-426. The privilege belongs to the client protected by the privilege. It may be asserted by the client or the client's counsel on behalf of the client. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 374, 22 P.3d 124 (2001). This means that only Armstrong or his attorney could have asserted the privilege on behalf of Armstrong. Phillips' attorney could not have asserted Armstrong's privilege to prevent the evidence being introduced. Thus, the counsel's performance was not deficient in this way.

10

And the attorney-client privilege may be waived by the client who is protected by the privilege. K.S.A. 60-437. Armstrong waived the privilege by discussing the conversations he had with his attorney about the plea deal. Armstrong claimed his attorney lied to him and coerced him into entering into a plea deal with the State. By testifying about the communications with his attorney, Armstrong effectively waived the privilege as it pertained to the testimony the attorney provided. See *Meneley*, 271 Kan. at 375-76. This objection would have been futile, and Phillips' trial counsel was not deficient for failing to raise this objection.

Phillips argues that his trial counsel should have obtained a jury instruction that hearsay statements can be used only for impeachment purposes and not as evidence of substantive guilt. In order for the district court to give a jury instruction, it must be both legally and factually appropriate. *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 781 (2016). The instruction Phillips requested would not be legally appropriate. Hearsay is generally inadmissible to prove the truth of the matter asserted. K.S.A. 60-460. A hearsay statement may be used as substantive evidence, meaning for proving the truth of the matter asserted, when the statement falls within an exception. See K.S.A. 60-460(a-ee). Because the requested instruction would not have been legally appropriate, Phillips' claim lacks merit.

In three additional arguments over jury instructions, Phillips claims first that trial counsel was ineffective for not requesting a jury instruction requiring the jury to find specific intent to commit murder before convicting him of aiding and abetting. Such an instruction would not have been factually appropriate for Phillips. The State's theory of the case was that Phillips was the principal and the other defendants aided and abetted him.

This theory is borne out by the evidence. In his own testimony, Phillips stated that he had picked up a gun Dyer had dropped. Dyer jumped on his back causing Phillips to

11

stumble. When he stumbled, the gun fired. And through Armstrong, the jury was told that Phillips shot Dyer and he was shooting to kill. Based on the testimony Phillips was necessarily the principal, because under either Phillips' or the State's theory Phillips had the gun when it was fired. The question for the jury about Phillips was the existence of premeditation. Because the evidence was clear that Phillips was the alleged principal, his trial counsel was not deficient for failing to request an instruction on the law of the specific intent needed to convict for aiding and abetting.

Second, Phillips also contends his trial counsel erred by not requesting a voluntary manslaughter instruction. Phillips' claim is unclear because he received a voluntary manslaughter instruction as a lesser included offense of premeditated murder.

For his third instruction argument, Phillips contends his trial counsel was ineffective for not requesting a self-defense or defense of another jury instruction. The law on this point is clear. To be entitled to use lethal force to defend oneself or another, the actor must reasonably believe that the use of lethal force is necessary to prevent imminent death or great bodily harm to himself or another. K.S.A. 21-3211(b). A justified use of force instruction requires two elements. First, the defendant must show that he or she sincerely and honestly believed that the use of force was necessary. Second, the defendant must show that a reasonable person in the defendant's circumstances would have believed the use of force was necessary. *State v. Friday*, 297 Kan. 1023, 1037, 306 P.3d 265 (2013).

It is questionable whether the evidence would support giving this instruction. Certainly, Phillips' testimony does not support a justified use of force instruction. Phillips claimed that Dyer had a weapon but dropped the weapon. Phillips picked up the weapon and, during a struggle, the gun was fired. Phillips' testimony supports a conclusion that the gun was fired accidentally. Specifically, Phillips stated that he did not intend to shoot Dyer because "I had no reason to. I don't believe I would have had a reason. That's not

12

my style." Thus, a justified use of force instruction would not have been factually appropriate because Phillips had no subjective belief that the use of force was necessary to prevent imminent death or great bodily harm.

That said, even though Phillips' testimony does not support a justified use of force instruction, there is other testimony not consistent with Phillips' version of the events that may be a basis for the jury instruction. See *State v. Anderson*, 287 Kan. 325, 334-36, 197 P.3d 409 (2008). *Anderson* held that a defendant's testimony may be enough to support a jury instruction, but a defendant's testimony alone is not dispositive of the issue.

In one of Armstrong's versions of the events, Armstrong first brought the gun into the house, but Phillips took it from him. During the struggle, Dyer jumped on Phillips' back. Dyer fell to the floor after Armstrong hit Dyer in the head with an ashtray. While Dyer was on the floor, Phillips shot Dyer. Under these facts, there is no reasonable belief that lethal force was necessary to prevent death or imminent bodily harm.

Under the events described by Armstrong in his trial, a justified use of force instruction may have been factually appropriate. According to the testimony from Armstrong's trial, Dyer allegedly tried to take property from Armstrong, Williams, Kettler, and Phillips using two guns. Dyer allegedly lost one of the guns and Phillips retrieved that gun. After trying to run away unsuccessfully, Phillips shot Dyer.

Given all this conflicting testimony, it is questionable whether a juror *would* find the use of force was justified. But that is not the test. A defendant is entitled to a jury instruction on the pertinent law if a reasonable juror *could* find in accordance with the theory. *State v. Dupree*, 304 Kan. 377, 394-95, 373 P.3d 811 (2016). If a juror believed this series of events and disregarded all the other evidence, that juror could have found that Phillips reasonably believed lethal force was necessary to prevent death or great bodily harm. But there is more to this question.

13

That a justified use of force instruction could have been given does not mean that Phillips' trial counsel was deficient in his performance. Such an instruction would have been inconsistent with Phillips' theory of defense because Phillips claimed the shooting was accidental. While an inconsistent defense can be raised, the decision by Phillips' trial counsel to raise one defense and not another inconsistent defense was a reasonable strategic decision. See *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998). Based on the facts presented at trial, Phillips has not presented a reason this strategic decision was deficient. Phillips' claims for ineffective assistance of counsel based on the jury instructions are not meritorious.

Turning to his next claim of deficient performance, we consider Phillips' claim that trial counsel did not object to the instances of prosecutorial error. Based on our analysis set out above, we see no meritorious claim of prosecutorial error, thus trial counsel was not deficient for failing to object.

Finally, Phillips claims his trial counsel was deficient for not calling Tina Stewart as a witness. According to Phillips, Tina Stewart would have testified that when the codefendants went to Renee and Tina Stewart's house, they had no gun. Generally, the decision of what witnesses to present is a matter of strategy that is virtually unchallengeable. See *Flynn v. State*, 281 Kan. 1154, 1157, 136 P.3d 909 (2006).

The strategic decision may be challenged if the counsel failed in investigating the witness. See *Shumway v. State*, 48 Kan. App. 2d 490, 497-98, 293 P.3d 772 (2013). Phillips makes no claim that his trial counsel's investigation was lacking. And there are valid reasons not to call Tina Stewart. Renee Stewart testified that Tina Stewart was in a relationship with one of the codefendants and had been in a relationship with the victim. Trial counsel may have been worried about the content of Tina Stewart's testimony and the potential to harm Phillips' defense. Because Phillips has asserted no reason his trial

14

counsel was deficient in investigating Tina Stewart, we find no basis for this claim of ineffective assistance of counsel.

Additionally, Phillips fails to show us any prejudice on this point. There is not a reasonable probability that Tina Stewart not testifying affected the outcome. According to Phillips' proffer, she would have impeached Renee Stewart's testimony that Williams and Kettler came to the Stewarts' home with a gun. Frankly, Renee Stewart's testimony provided scant incriminating evidence against Phillips. Basically, her testimony dealt with the disposal of the murder weapon by Williams and Kettler after the killing had occurred. Because of all the evidence that was incriminating, a reasonable juror would not have been swayed by this testimony to reach a different verdict.

Based on the motion, files, and record, we hold that Phillips is not entitled to relief for ineffective assistance of trial counsel.

*Phillips has failed to establish that his appellate counsel was deficient.*

Phillips claims that he received ineffective assistance of appellate counsel. The test for ineffective assistance of appellate counsel is the same two-part test for ineffective assistance of trial counsel— the performance must be deficient and prejudicial. *Miller v. State*, 298 Kan. 921, 930-31, 318 P.3d 155 (2014). To show prejudice, Phillips must show that there is a reasonable probability that his appeal would have been successful but for any deficient performance by appellate counsel. See 298 Kan. at 934-35.

Most of Phillips' claims of ineffective assistance of appellate counsel relate to the claims we have previously addressed above. He argues his appellate counsel was deficient because counsel did not raise these issues:

    1.    The retrial following the hung jury was unconstitutional.

15

2. Insufficient evidence supported his conviction.

3. Inadmissible hearsay was admitted and used without the district court qualifying the statements under K.S.A. 60-460.

4. Armstrong's attorney was permitted to testify without a waiver of the attorney-client privilege.

5. Issues on the jury instructions.

6. Prosecutorial error required reversal.

7. Other unidentified issues.

First, we address the issues that either were raised on direct appeal, could not have been raised on direct appeal, or are not a basis for relief in a motion under K.S.A. 60-1507. Our Supreme Court addressed Phillips' claim on the constitutionality of being retried and whether there was sufficient evidence to support his conviction. See *Phillips*, 299 Kan. at 491-502. There is no deficiency in failing to raise these issues because they were raised on direct appeal.

Next, about the allegedly inadmissible hearsay and statements from Armstrong's attorney, the appellate counsel's performance was not deficient. Generally, evidentiary questions cannot be raised for the first time on appeal. In other words, in order for an appellate counsel to challenge the introduction of evidence there must be a contemporaneous objection to the evidence being admitted at trial. See *State v. Dukes*, 290 Kan. 485, 487-88, 231 P.3d 558 (2010). Since there was no contemporaneous objection, we cannot rule appellate counsel deficient for failing to raise an issue that could not be raised. Phillips' final claim that other issues about ineffective assistance of appellate counsel may exist is a mere conclusion. It cannot serve as the basis for relief.

In looking at Phillips' two remaining issues, we can see that appellate counsel could have raised issues over prosecutorial error and the jury instructions. But we are mindful of the rule that an appellate counsel is not deficient for not raising every

16

colorable claim of error on appeal. *Baker v. State*, 243 Kan. 1, 9-10, 755 P.2d 493 (1988). Our Supreme Court has instructed:

> "In an appeal from a criminal conviction, appellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal. Likewise, the fact that the defendant requests an issue or issues to be raised does not require appellate counsel to include them. Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." 243 Kan. at 10.

Turning to the claim of prosecutorial error, based on our analysis above, appellate counsel's performance was not deficient. The three nonfrivolous claims would not have resulted in reversible error. In fact, Phillips' appellate counsel raised one claim of prosecutorial error, which the Supreme Court determined was harmless error. *Phillips*, 299 Kan. at 502-08. The claim about the coroner's testimony and commenting on witness credibility are not prosecutorial error. The claim that the prosecutor erred by commenting on Armstrong's conviction might be error, but any error would be harmless. On direct appeal, Phillips' counsel whittled down the claims of prosecutorial error to the seemingly strongest challenge—the prosecution misstating the law. This action was not deficient performance of appellate counsel.

Next, Phillips' contention of ineffective assistance of appellate counsel based on the jury instruction issues is not grounds for relief. As for the issue of an aiding and abetting jury instruction, because the evidence shows that Phillips was the person who shot Dyer—regardless of which series of events the jury believed—he was not aiding and abetting the shooting. Without deciding whether the instruction is erroneous, we can conclude that any error in this instruction as it pertains to Phillips is harmless. Appellate counsel was not deficient for not raising this issue.

17

Moving on to Phillips' claims that his appellate counsel was deficient for not arguing the court erred by not giving a justified use of force instruction, we find no deficiency. When an error on the jury instructions was not objected to at the trial court, an appellate court reviews the claim of error for clear error. To establish clear error, Phillips would have had to firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict. See *State v. Cooper*, 303 Kan. 764, 770, 366 P.3d 232 (2016). Based on our Supreme Court's analysis about the harmlessness of the prosecutorial error of misstating the law and the weakness of Phillips' claim of justified use of force, it is unlikely our Supreme Court would have reversed Phillips' convictions if the issue had been raised. See *Phillips*, 299 Kan. at 505-08. Even if we did find that it was deficient for Phillips' appellate counsel to not raise the jury instruction issue, we see no reasonable probability that it would have been successful on appeal. See *Miller*, 298 Kan. at 934-35.

Phillips has not stated a claim of ineffective assistance of appellate counsel for which he would be entitled to relief. Summary denial of the motion was appropriate for these claims.

*We remain unmoved by Phillips' remaining claims.*

In Issue I through Issue VII of Phillips' motion, he raises several trial errors. Generally, trial errors must be raised on direct appellate review and are not grounds for reversing a conviction under K.S.A. 60-1507. *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016); Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 223).

Even so, a movant may obtain review of trial errors by showing exceptional circumstances. This means that there was an intervening change in the law that prevented the trial error from being raised on direct appeal or the movant had ineffective assistance

18

of counsel. See *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013); *Rowland*, 289 Kan. at 1087.

Phillips does not argue that there is a change in law that would permit him to address his trial errors in his K.S.A. 60-1507 motion. Instead, he claims ineffective assistance of counsel as the basis for exceptional circumstances. As discussed above, the claims of ineffective assistance of appellate counsel are not grounds for relief. For the same reasons, the claims of ineffective assistance of counsel are not grounds for exceptional circumstances. Phillips has not shown that either form of exceptional circumstances applies. And the district court fully addressed the merits of each claim, and we find the court's reasoning is sound.

In his brief, Phillips raises one additional claim for exceptional circumstances—his trial counsel has surrendered his license because of ethical violations. This claim lacks an evidentiary basis. While our Supreme Court accepted the voluntary surrender of the trial counsel's license and ordered disbarment, Phillips makes no connection between the counsel's representation of Phillips and the eventual disbarment. See *In re Rosel*, 296 Kan. 97, 97-98, 290 P.3d 611 (2012). The fact the trial counsel was eventually disbarred has little relevance to whether Phillips received ineffective assistance of counsel during his trial. Appellate counsel was not deficient for failing to raise this claim that is apparently unrelated to Phillips' trial. We see no exceptional circumstances that would compel us to address these claims of trial errors now.

Finally, Phillips raises a claim that appellate counsel was ineffective because the issues raised precluded a claim of cumulative error. This issue was not raised in his 60-1507 motion. Generally, issues cannot be raised for the first time on appeal. Phillips provides no reason that this issue should be considered; thus, we should not consider the issue. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

Based on the motion, files, and record, Phillips has not raised a claim for which relief can be granted. The district court did not err in summarily denying his motion.

Affirmed.